UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DARIUS A. PADUCH,<br><br>Defendant. | **SEALED INDICTMENT**<br><br>23 Cr.<br><br> 23 CRIM 181 |

The Grand Jury charges:

## OVERVIEW

1. As set forth herein, over the course of several years, DARIUS A. PADUCH, the defendant, sexually abused and assaulted multiple male patients, including minor male patients, while conducting purported urological examinations in his capacity as a medical doctor employed by a prestigious medical institution in New York, New York ("Medical Institution-1").

2. In particular, from at least in or about 2015 through at least in or about 2019, DARIUS A. PADUCH, the defendant, while working as a urologist, enticed and induced multiple victims to travel to his medical offices at Medical Institution-1, so PADUCH could, among other things, sexually abuse and assault the victims. In or about 2019, PADUCH began practicing at a different hospital located in Long Island, New York ("Medical Institution-2"), where he continued to sexually abuse and assault victims. PADUCH used his position as a urologist at prominent medical institutions in New York, to make or attempt to make the victims believe that the sexual abuse and assault he inflicted on them was medically necessary and appropriate. PADUCH often directed the victims to schedule follow-up visits, and he instructed victims to return to see him again. As a result, some of the victims attended many appointments with PADUCH over the course of multiple years, at which PADUCH repeatedly abused and assaulted them.

3. As a part and in furtherance of his scheme, DARIUS A. PADUCH, the defendant, enticed, induced, and caused certain minor victims to return to appointments with him to be further sexually abused and assaulted, knowing that in order to do so, those minor victims would travel to PADUCH's offices at Medical Institution-1 in New York, New York, from or through other states.

4. In addition, as a part and in furtherance of his scheme, DARIUS A. PADUCH, the defendant, used a telephone and other means of interstate commerce to entice, induce, and cause victims, including minor victims, to return to appointments with him to be further sexually abused and assaulted.

## FACTUAL BACKGROUND

5. From at least in or about 2003 through in or about 2023, DARIUS A. PADUCH, the defendant, worked in New York as a practicing urologist, specializing in male infertility and andrology (*i.e.*, male reproductive health). Specifically, from at least in or about 2003 through at least in or about April 2019, PADUCH worked at Medical Institution-1 as a medical doctor. Then from in or about 2019 until in or about 2023, PADUCH worked at Medical Institution-2 as a medical doctor.

6. From at least in or about 2015 through in or about 2019, DARIUS A. PADUCH, the defendant, abused and assaulted multiple victims, including minor victims, who went to PADUCH for medical care. PADUCH did so in the course of providing these victims with purportedly necessary and appropriate medical treatment. During appointments, PADUCH claimed that he needed to touch victims in certain ways to provide medical treatment, when in fact, PADUCH sexually abused and assaulted those victims for no legitimate medical purpose and for his own sexual gratification.

7.  In particular, DARIUS A. PADUCH, the defendant, typically used the following means and methods, among others, to carry out his abuse and assault:

a.  Although at times nurses, assistants, and minor victims' parents were present for portions of PADUCH's appointments with victims, PADUCH typically conducted physical examinations of victims without anyone else in the room.

b.  Once alone with victims, PADUCH directed them to masturbate in his presence. PADUCH also often played pornography while watching victims masturbate at his direction.

c.  PADUCH frequently insisted on masturbating the victims himself by grabbing their penises and stimulating their genitalia with his hands or a vibrating instrument that certain victims understood to be a sex toy, in order to induce an erection and/or ejaculation.

d.  PADUCH frequently touched and masturbated victims' genitalia without warning and without wearing gloves. While masturbating the victims, PADUCH often stood very close to the victims, and at times, he pressed himself against them, groped them, and/or caressed them. Certain victims observed and/or felt that PADUCH was aroused when masturbating them.

e.  PADUCH often directed victims to orgasm and ejaculate in his presence without any valid medical purpose, and he rarely provided such victims with a specimen cup, or other receptacle, to collect a sample of ejaculate.

f.  In several instances, PADUCH penetrated victims' rectums with his fingers, without gloves, and while masturbating them for no legitimate medical purpose.

g.  During appointments, PADUCH frequently initiated conversations with victims about their sexual activity, physical appearance, and physiques, including the length or size of their penises. Such discussions had no bearing on medical treatment. In the same manner,

3

PADUCH volunteered intimate information about his own sexual activity, sexual history, and sexual orientation, which also had no bearing on medical treatment or any other legitimate medical purpose.

h. Under the guise of medical care, PADUCH at times offered unsolicited critiques of victims' masturbation techniques—telling them in sum and substance that they were masturbating incorrectly—and grabbed their penises, purportedly to show the victims how to masturbate properly.

8. To ensure that he could continue to sexually abuse and assault victims, DARIUS A. PADUCH, the defendant, took various steps to cause, induce, and entice certain victims to return to see him, knowing that certain victims would have to travel from or through other states to attend appointments with him, including appointments at which PADUCH sexually abused and assaulted those victims. PADUCH induced certain victims to travel into New York from or through other states by using various means and methods, including but not limited to the following:

a. PADUCH selected how frequently and when a victim would have appointments with him, often directing victims to schedule follow-up appointments at a particular time interval.

b. After appointments, PADUCH sent victims—including minor victims—text messages from his personal cellphone. In those messages, he made inappropriate and sexual comments and jokes, and he directed the victims to schedule follow-up appointments or even to visit his office after regular business hours.

c. When PADUCH caused and enticed certain minor victims to return for follow-up appointments, he knew that they had to travel from or through a state other than New

York to attend their appointments in New York, New York.

## INDIVIDUAL VICTIMS

9. DARIUS A. PADUCH, the defendant, sexually abused and assaulted multiple victims, including but not limited to two minor male patients identified herein as Minor Victim-1 and Minor Victim-2. In particular and during periods relevant to this Indictment, PADUCH engaged in the following acts, among others, with respect to these victims:

### Minor Victim-1

10. Minor Victim-1 was a patient of DARIUS A. PADUCH, the defendant, from at least in or about 2015 through at least in or about 2017. During the entire time Minor Victim-1 was PADUCH's patient, Minor Victim-1 lived outside the state of New York and thus traveled from another state into New York for appointments with PADUCH. PADUCH knew that Minor Victim-1 traveled from another state for his appointments.

11. DARIUS A. PADUCH, the defendant, knew that Minor Victim-1 was under the age of 18 when Minor Victim-1 became PADUCH's patient.

12. After turning 18, Minor Victim-1 continued to travel to New York for appointments with PADUCH, during which PADUCH sexually abused and assaulted Minor Victim-1.

13. During appointments, including while Minor Victim-1 was under the age of 18, DARIUS A. PADUCH, the defendant, repeatedly sexually abused and assaulted Minor Victim-1 through a course of conduct that lacked any valid medical purpose. During multiple appointments with Minor Victim-1, PADUCH played pornography and used his ungloved hand to masturbate Minor Victim-1 until Minor Victim-1 ejaculated. On at least one such occasion, after Minor Victim-1 ejaculated, PADUCH smeared Minor Victim-1's ejaculate on Minor Victim-1's mouth and expressed incredulity that Minor Victim-1 had never tasted his own semen.

14. During at least one appointment while Minor Victim-1 was under the age of 18, DARIUS A. PADUCH, the defendant, inserted his finger into Minor Victim-1's rectum for no valid medical purpose.

15. During appointments with Minor Victim-1, DARIUS A. PADUCH, the defendant, routinely recommended that Minor Victim-1's parent exit the examination room before PADUCH abused and assaulted Minor Victim-1.

16. After Minor Victim-1's first appointment with DARIUS A. PADUCH, the defendant—including when Minor Victim-1 was under the age of 18—PADUCH used a telephone to direct Minor Victim-1 to return for additional appointments, during which PADUCH sexually abused and assaulted Minor Victim-1.

### Minor Victim-2

17. Minor Victim-2 was a patient of DARIUS A. PADUCH, the defendant, from at least in or about 2015 through at least in or about 2022. Throughout the entire time Minor Victim-2 was PADUCH's patient, Minor Victim-2 lived outside the state of New York. As a result, Minor Victim-2 traveled from out of state into New York for appointments with PADUCH. PADUCH knew that Minor Victim-2 traveled from another state into New York for his appointments.

18. DARIUS A. PADUCH, the defendant, knew that Minor Victim-2 was under the age of 18 when Minor Victim-2 first became PADUCH's patient.

19. After turning 18, Minor Victim-2 continued to travel to New York for appointments with PADUCH, during which PADUCH sexually abused and assaulted Minor Victim-2.

20. During these appointments, including while Minor Victim-2 was under the age of 18, DARIUS A. PADUCH, the defendant, repeatedly sexually abused and assaulted Minor Victim-2 through a course of conduct that lacked any valid medical purpose. For example, over the course

6

of years, Minor Victim-2 went to PADUCH for regular appointments at which PADUCH routinely directed Minor Victim-2 to strip naked and used his ungloved hand to masturbate Minor Victim-2 until Minor Victim-2 ejaculated. Although Minor Victim-2's parents accompanied Minor Victim-2 to appointments, PADUCH sexually abused and assaulted Minor Victim-2 only when Minor Victim-2's parents were not present in the examination room.

21. During multiple appointments, DARIUS A. PADUCH, the defendant, conducted a medically unnecessary "rectal exam" of Minor Victim-2.

22. After Minor Victim-2's first appointment with DARIUS A. PADUCH, the defendant—including when Minor Victim-2 was under the age of 18—PADUCH used a telephone to direct Minor Victim-2 to return for additional appointments, during which PADUCH sexually abused and assaulted Minor Victim-2.

## STATUTORY ALLEGATIONS

### COUNT ONE
### (Inducement to Travel to Engage in Unlawful Sexual Activity)
### (Minor Victim-1)

The Grand Jury further charges:

23. The allegations contained in paragraphs 1 through 22 of this Indictment are repeated and realleged as if fully set forth within.

24. From at least in or about 2015 through at least in or about 2017, in the Southern District of New York and elsewhere, DARIUS A. PADUCH, the defendant, knowingly persuaded, induced, enticed, and coerced an individual to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do the same, to wit, PADUCH induced and enticed Minor Victim-1 to travel to New York, New York, from a state outside of New York, to engage or attempted to engage in unlawful sexual activity

with Minor Victim-1, in violation of New York Penal Law Sections 130.52, and 130.55.

(Title 18, United States Code, Sections 2422(a) and 2.)

## COUNT TWO
### (Inducement to Travel to Engage in Unlawful Sexual Activity)
### (Minor Victim-2)

The Grand Jury further charges:

25. The allegations contained in paragraphs 1 through 22 of this Indictment are repeated and realleged as if fully set forth within.

26. From at least in or about 2015 through at least in or about 2019, in the Southern District of New York and elsewhere, DARIUS A. PADUCH, the defendant, knowingly persuaded, induced, enticed, and coerced an individual to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do the same, to wit, PADUCH induced and enticed Minor Victim-2 to travel to New York, New York, from a state outside of New York, to engage or attempt to engage in unlawful sexual activity with Minor Victim-2, in violation of New York Penal Law Sections 130.52, and 130.55.

(Title 18, United States Code, Sections 2422(a) and 2.)

## COUNT THREE
### (Inducement of a Minor to Engage in Unlawful Sexual Activity)
### (Minor Victim-1)

The Grand Jury further charges:

27. The allegations contained in paragraphs 1 through 22 of this Indictment are repeated and realleged as if fully set forth within.

28. From at least in or about 2015 through at least in or about 2016, in the Southern District of New York and elsewhere, DARIUS A. PADUCH, the defendant, using a facility and means of interstate and foreign commerce, knowingly persuaded, induced, enticed, and coerced

an individual who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do so, to wit, PADUCH used computers and telephones to communicate with Minor Victim-1 to engage or attempt to engage in unlawful sexual activity with Minor Victim-1, in violation of New York Penal Law Sections 130.52 and 130.55.

(Title 18, United States Code, Sections 2422(b) and 2.)

## COUNT FOUR
### (Enticing a Minor to Engage in an Unlawful Sexual Activity)
### (Minor Victim-2)

The Grand Jury further charges:

29. The allegations contained in paragraphs 1 through 22 of this Indictment are repeated and realleged as if fully set forth within.

30. From at least in or about 2015 through at least in or about 2019, in the Southern District of New York and elsewhere, DARIUS A. PADUCH, the defendant, using a facility and means of interstate and foreign commerce, knowingly persuaded, induced, enticed, and coerced an individual who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do so, to wit, PADUCH used computers and telephones to communicate with Minor Victim-2 to engage in unlawful sexual activity with Minor Victim-2, in violation of New York Penal Law Sections 130.52 and 130.55.

(Title 18, United States Code, Sections 2422(b) and 2.)

## FORFEITURE ALLEGATIONS

31. As a result of committing the offenses alleged in Counts One through Four of this Indictment, DARIUS A. PADUCH, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428, any and all property, real and personal, constituting or

derived from proceeds obtained, directly or indirectly, as a result of said offenses; and any and all property, real or personal, that was used or intended to be used to commit or facilitation the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of property involved in said offenses and proceeds traceable to the commission of said offenses.

### Substitute Asset Provision

32. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981, 2428; Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.)

_____  
FOREPERSON

_____  
DAMIAN WILLIAMS  
United States Attorney