# Inner City Press

January 2, 2024

By E-mail to Chambers

Hon. Ronnie Abrams, United States District Judge
Southern District of New York, 40 Foley Square, New York, NY 10007

Re: The US Attorney's Office's request to seal, after the fact and after publication, the name of 1 of the defendant's proposed suretors in US v. Paduch 23-cr-181 (RA)

Dear Judge Abrams:

   Inner City Press and I have been covering the above captioned criminal case since the defendant was first presented in the Magistrates Court. In that connection, it reported on the defendant's submission of three proposed suretors.

   Now the US Attorney's Office, in a January 2, 2024 filing with the defendant, seeks to after-the-fact seal one of the three names - and argues that this would not be inconsistent with Judge Kaplan's decision in US v. Bankman-Fried, 22-cr-673 (LAK). This is opposition; proposed suretors should not be sealed after the fact, whether or not the bail application is accepted by the court. By that logic, all proposed suretors would be sealed unless or until the bail application were granted. That defeats the purpose of reporting in real time in the information before the Court and how decisions are being made.

   Additionally, and dispositively, the proposed suretor's name has already been published. Just as under FOIA an agency cannot withholding information that is otherwise publicly available, information that was included in a public filing, and republished, should not be "sealed" after the fact. See, e.g., Judge Furman's decision in Fernandez v. US, 12-cr-445 / 15-cv-2230, 2016 WL 4735370, at *7 (S.D.N.Y. Sept. 12, 2016).

   Triggering this letter, however, is the US Attorney's Office supporting the sealing of suretor information. In Bankman-Fried, as in US v. Greenwood, 17-cr-630 (ER), the US Attorney's Office "took no position" when defendants asked for sealing of suretor information, and in the latter case, all sentencing letters. Now on appeal in the Second Circuit, 23-7432. Here it is worse: the US Attorney's Office is asking to seal a judicial document, ludicrously, one whose content has already been publicly reported. The precedent that proposed suretor information - judicial documents par excellence -- should not be sealed should stand.

Inner City Press: In-house SDNY: Room 480, 500 Pearl Street, NY NY 10007
E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Dag Hammarskjold Center, Box 20047, New York, NY 10017

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

"Representatives of the press must be given an opportunity to be heard on the question of their exclusion from a court proceeding, and we have recognized a similar right of news media to intervene in this Court to seek unsealing of documents filed in a court proceeding." Trump v. Deutsche Bank AG, 940 F.2d 146, 150 (2d Cir. 2019). SDNY Judge Rakoff has previously granted an e-mailed Inner City Press request to unseal, in *US v. Weigand*, 20-cr-188 (JSR), see Dkt 250.

Please docket this, as SDNY Judges Stein, Hellerstein, Castel, Kaplan, Caproni and others have done. See, e.g., https://storage.courtlistener.com/recap/gov.uscourts.nysd.516151/gov.uscourts.nysd.516151.85.0.pdf, Judge Stein's on the record decision to grant Inner City Press' motion to unredact from the sentencing submission in US v. Jen Shah, and Judge Kaplan's Jan 30, 2023 decision to unseal the bond co-signers of Sam Bankman-Fried, which Inner City Press moved for in January 2023.

If appropriate, PLEASE TAKE NOTICE that Inner City Press and its undersigned reporter, in personal capacity, will move this Court before Honorable Ronnie Abrams, U.S. District Judge for the Southern District of New York, at a date and time directed by the Court, for entry of an order granting permission to be heard on sealing or unsealing of the proposed suretor and other information in US v. Paduch 23-cr-181 (RA).

If deemed necessary, this now is a request to intervene, see United States v. All Funds on Deposit at Wells Fargo Bank, 643 F. Supp. 2d 577, 580 (S.D.N.Y. 2009)

Thank you.

Respectfully submitted,

/s/

Matthew Russell Lee, Inner City Press

cc: marguerite.colson@usdoj.gov, mbaldassare@mabalaw.com