UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

DARIUS PADUCH,

          Defendant.

23-cr-181 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    On April 20, 2023, Magistrate Judge Willis denied Defendant's motion for bail and ordered that he be detained. *See* Dkt. 11. In support of his appeal of Judge Willis' detention order, on May 26, 2023, Defendant submitted an amended memorandum of law. *See* Dkt. 23. Included in this submission was Defendant's proposed bail package. *See* Dkt. 23-1 at 56–113. This Court denied the appeal and ordered that Defendant remain detained pending trial. *See* Dkt. 26. Over six months later, on December 21, 2023, Defendant informed the Court that one of the proposed co-signers to Defendant's personal recognizance bond has now requested that his name be redacted from the May 26th submission. *See* Dkt. 42. On December 22, 2023, the Court temporarily redacted the paragraph in question pending consideration of the issue. *See id.* The Government and Defendant supported the proposed redaction, *see* Dkt. 43, 47, while Inner City Press submitted a letter opposing it, *see* Dkt. 44. Although the Court is sympathetic to the proposed co-signer's desire to keep his information private, for the reasons explained below, the application to redact is denied.

    "The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "The presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). In light of these important considerations, the Second Circuit has articulated a three-part test for evaluating whether documents submitted to a

federal court may be sealed. *Lugosch*, 435 F.3d at 119–20. First, the court must determine whether the documents at issue are "judicial documents." *Id.* at 119. Second, the court must assess the weight of the common law presumption of access that attaches to those documents. *Id.* Third, the court must balance competing considerations against the presumption of access, such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120 (internal quotation marks omitted). A court must "make specific, rigorous findings before sealing [a] document or otherwise denying public access." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (quoting *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013)).

The bail package Defendant proposed is "relevant to the performance of the judicial function and useful in the judicial process," and is thus a judicial document. *See United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995); *see also United States v. Maxwell*, 2020 WL 7646891, at *1 (S.D.N.Y. Dec. 23, 2020) (finding the defendant's reply in support of her renewed bail application to be a judicial document). Substantial weight should be given to the presumption of access here. "[B]onds . . . routinely are filed in this Court and made available to the public," *United States v. Bankman-Fried*, 2023 WL 1108471, at *3 (S.D.N.Y. Jan. 30, 2023), and where "documents are usually filed with the court and are generally available, the weight of the presumption is stronger than where filing with the court is unusual or is generally under seal," *Amodeo*, 71 F.3d at 1050. Moreover, Defendant's bail package was evaluated by the Court when it decided to detain him pending trial, and "[t]he detention of criminal defendants pending trial is a quintessential exercise of a court's Article III judicial power" which "the public has a legitimate interest in monitoring." *United States v. Graham*, 257 F.3d 143, 154 (2d Cir. 2001); *cf. United States v. Hadden*, 2023 WL 1783680, at *8 (S.D.N.Y. Feb. 6, 2023) (finding that "it is in the public interest that the letters" from the defendant's doctors concerning bail "be unsealed so readers may assess for themselves risk of flight and dangerousness").

In balancing competing considerations against the presumption of access, "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050 (cleaned up). The Government and Defendant maintain that the co-signer "did not understand himself to be guaranteeing a prospective bond for [Defendant]," and that Defendant treated the co-signer in the past, which "provides sensitive and potentially embarrassing information regarding [the co-signer's] health." *See* Dkt. 43.

"In determining the weight to be accorded an assertion of a right of privacy, courts should . . . consider the degree to which the subject matter is traditionally considered private rather than public," as well as the "nature and degree of injury." *Amodeo*, 71 F.3d at 1051. Although "the names of bail sureties [] traditionally is public information," *Bankman-Fried*, 2023 WL 1108471, at *4, the names of co-signers to a proposed bond have previously been redacted when the redactions were "narrowly tailored to properly guard the privacy interests of the individuals," *see United States v. Maxwell*, No. 20-CR-330, Dkt. 95 at 2 (S.D.N.Y. Dec. 14, 2020); *id.*, Dkt. 97 at 8 (S.D.N.Y. Dec. 14, 2020); *see also Maxwell*, 2020 WL 7646891, at *1 ("As with the redactions to [the defendant's] renewed motion for bail, the proposed redactions here are narrowly tailored to serve substantial interests, including, most importantly, third parties' personal privacy interests."); *but see Bankman-Fried*, 2023 WL 1108471, at *4 (concluding that even when there is a weak presumption of access, it is not overcome by the privacy interests of "bail sureties [who] have entered voluntarily into a highly publicized criminal proceeding by signing the Individual Bonds"). The medical information of third parties, by contrast, usually warrants redaction. *See United States v. King*, 2012 WL 2196674, at *3 (S.D.N.Y. June 15, 2012) (redacting sentencing submissions "to avoid disclosure of records containing medical information regarding" third parties); *see also Martinez v. City of New York*, 2022 WL 17090292, at *2 (E.D.N.Y. June 8, 2022) ("[C]ourts routinely seal medical records." (internal quotation marks omitted)).

Had Defendant sought to redact the paragraph in question when filing the bail package in

3

the first instance, the Court would have been inclined to redact some or all of the co-signer's information in light of the sensitivity of the medical information disclosed. Here, however, the information in question has already been made public. Indeed, the co-signer's name remained unredacted for more than six months prior to the instant application. *See* Dkt. 23, 42. "[W]here . . . a party fails to take immediate steps to request that publicly filed materials be sealed, its request to redact or seal may be denied for that reason." *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, 2019 WL 3034866, at *2 (S.D.N.Y. July 11, 2019) (collecting cases); *cf. Miller v. City of Ithaca*, 2013 WL 12310675, at *1 (N.D.N.Y. Feb. 15, 2013) ("[T]his information became public the moment it was uttered [in open court] and cannot be redacted after-the-fact."); *United States v. Colon*, 2023 WL 8281766, at *1 (S.D.N.Y. Nov. 29, 2023) ("[T]here is no legal basis to seal information that has been voluntarily made public.").

Not only has at least one news outlet reported on the co-signer's name, as well as that he met Defendant as a patient, but an unredacted picture of the requested redaction is also publicly available.[1] As noted by the Second Circuit, once "[t]he genie is out of the bottle," courts do "not [have] the means to put the genie back." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004); *see also United States v. Basciano*, 2010 WL 1685810, at *4 (E.D.N.Y. Apr. 23, 2010) ("Shielding third parties from unwanted attention arising from an issue that is already public knowledge is not a sufficiently compelling reason to justify withholding judicial documents from public scrutiny."). Courts in this Circuit thus "routinely deny sealing requests where . . . the information to be sealed is already publicly available." *Grossberg v. Fox Corp.*, 2023 WL

---

[1] *See, e.g.*, Matthew Russell Lee, *Urologist Paduch Remains Detained for Sex Abuse Belatedly Redacts Name Jordan Roosma*, Inner City Press, https://www.innercitypress.com/sdny158habramspaduchicp122223.html (last visited Jan. 9, 2024) (discussing the co-signer); @innercitypress, Twitter (Apr. 19, 2023, 10:59 p.m.), https://twitter.com/innercitypress/status/1648884063380418560 (last visited Jan. 9, 2024) (posting a picture of the proposed bail package that includes the co-signer's name and accompanying information). The Court takes judicial notice of the co-signer's identity "contained on websites to demonstrate this information is publicly available and not for the truth of their contents." *See Cunningham v. Cornell Univ.*, 2019 WL 10892081, at *3 n.1 (S.D.N.Y. Sept. 27, 2019); *see also New Jersey Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 709 F.3d 109, 127 n.11 (2d Cir. 2013).

2612262, at *1 (S.D.N.Y. Mar. 23, 2023); *see also Cunningham v. Cornell Univ.*, 2019 WL 10892081, at *3 (S.D.N.Y. Sept. 27, 2019) ("Information that is publicly available need not be sealed."). Given that the information in question is in the public domain, the "request to [redact is] futile." *Charlemagne v. Educ. All., Inc.*, 2022 WL 1421480, at *2 (S.D.N.Y. May 5, 2022) (denying request to seal where "the allegations were not only publicly available on the Court's docket but had already been disseminated in at least one article"); *see also SOHC, Inc. v. Zentis Sweet Ovations Holding LLC*, 2014 WL 5643683, at *6 (S.D.N.Y. Nov. 4, 2014) ("As the proverbial cat is out of the bag, Defendant's request for redaction is thus [denied] as moot.").

For the foregoing reasons, the Court denies the application for redaction.

SO ORDERED.

Dated:    January 16, 2024
         New York, New York

                                              _____
                                              Ronnie Abrams
                                              United States District Judge