UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

DARIUS PADUCH,

                Defendant.

23-CR-181 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

In January 2024, the Government filed a second superseding indictment (the "Indictment") charging Darius Paduch with thirteen violations of the Mann Act, 18 U.S.C. § 2422, which prohibits certain types of sexual exploitation. *See* Dkt. 49. In particular, the Indictment alleges that Paduch sexually abused and assaulted eight male patients—including six when they were minors—under the guise of urological treatment. Counts 1 through 7 charge Paduch with inducing or enticing victims to travel in interstate commerce to engage or attempt to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(a). Counts 8 through 13 charge him with using computers and telephones to induce or entice minors to engage or attempt to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b).

Three of Paduch's pretrial motions are now before the Court.[1] First, he moves to dismiss Count 6 for lack of venue. Next, he moves to sever Counts 8 through 13 from Counts 1 through 7. Finally, he moves for a bill of particulars regarding certain dates and locations unspecified in the Indictment. All three motions are denied, albeit the first and third without prejudice.

---

[1] Paduch filed the instant pretrial motions before the Government filed the second superseding indictment, which, he concedes, rendered several of his arguments moot. *See* Defendant's Reply Memorandum of Law ("Def. Reply") at 1, 4, 6, Dkt. 54; Oral Argument Transcript of Feb. 14, 2024 ("Oral Arg. Tr.") 2:21–2:24. This opinion and order thus addresses only the remaining arguments.

## DISCUSSION

The Court addresses each of Paduch's motions in turn.

### I. Motion to Dismiss Count 6 for Lack of Venue

Paduch first moves to dismiss Count 6 of the Indictment for lack of venue.

"Both the Sixth Amendment and Federal Rule of Criminal Procedure 18 require that defendants be tried in the district where their crime was committed." *United States v. Ramirez*, 420 F.3d 134, 138 (2d Cir. 2005).[2] "[W]here the acts constituting the crime and the nature of the crime charged implicate more than one location, venue is properly laid in any of the districts where an essential conduct element of the crime took place." *Id.* at 139. At trial, the Government must establish venue by a preponderance of the evidence, *United States v. Purcell*, 967 F.3d 159, 186 (2d Cir. 2020), and where "a defendant is charged with multiple crimes in a single indictment, the government must satisfy venue with respect to each charge," *United States v. Davis*, 689 F.3d 179, 185 (2d Cir. 2012).

"[W]here venue is challenged on a pre-trial motion to dismiss, the Government's burden is limited to showing that the indictment alleges facts sufficient to support venue." *United States v. Milton*, No. 21-CR-478, 2021 WL 5304328, at *3 (S.D.N.Y. Nov. 15, 2021); *United States v. Riley*, No. 13-CR-339, 2014 WL 53440, at *3 (S.D.N.Y. Jan. 7, 2014) (same). "The Government need only allege that criminal conduct occurred within the venue, even if phrased broadly and without a specific address or other information." *United States v. Ohle*, 678 F. Supp. 2d 215, 231 (S.D.N.Y. 2010). Accordingly, "the mere allegation that an offense occurred 'in the Southern District and elsewhere' is sufficient to overcome a pretrial motion to dismiss." *Riley*, 2014 WL 53440, at *3; *see, e.g.*, *Milton*, 2021 WL 5304328, at *3–4; *United States v. Dupigny*, No. 18-CR-

---

[2] Unless otherwise indicated, this opinion and order omits all internal quotations marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

2

528, 2019 WL 2327697, at *4 (S.D.N.Y. May 30, 2019); *United States v. Van Hise*, No. 12-CR-847, 2013 WL 6877319, at *6–7 (S.D.N.Y. Dec. 31, 2013).

The Government makes such an allegation. In Count 6, it asserts that, "in the Southern District of New York and elsewhere," Paduch violated § 2422(a) by inducing Victim 6 to travel from Brooklyn to New Jersey to engage or attempt to engage in unlawful sexual activity. Indictment ¶¶ 41–42, 65. Count 6 thus survives Paduch's motion to dismiss. The ultimate question "of whether there is sufficient evidence to support venue" in the Southern District of New York will be "left for trial." *Ohle*, 678 F. Supp. 2d at 231; *see United States v. Chalmers*, 474 F. Supp. 2d 555, 575 (S.D.N.Y. 2007).

Accordingly, the Court denies Paduch's motion to dismiss Count 6 for lack of venue without prejudice; he may renew his motion at the close of the Government's case.

II.     **Motion for Severance**

Paduch next moves to sever Counts 8 through 13 from Counts 1 through 7.

Under Federal Rule of Criminal Procedure 14(a), "[i]f the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).[3] To prevail on a severance motion, "the defendant must show not simply some prejudice but *substantial* prejudice." *United States v. Sampson*, 385 F.3d 183, 190 (2d Cir. 2004). The prejudice to the defendant must be "sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials." *United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998). The defendant, moreover, must demonstrate more than "solely the adverse effect of being

---

[3] Paduch does not argue that the counts are improperly joined under Federal Rule of Criminal Procedure 8(a). *See* Defendant's Memorandum of Law in Support of his Pretrial Motions ("Def. Mot.") at 11–14, Dkt. 46; Def. Reply at 3. Nor would the Court find them so, as "[j]oinder is proper where the same evidence may be used to prove each count . . . or if the counts have a sufficient logical connection," which is plainly the case here. *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011); *see also United States v. Rivera*, 546 F.3d 245, 253 (2d Cir. 2008) (holding that joinder of counts of coercion and enticement, travel with intent to engage in illicit sexual conduct, and production of child pornography was proper, given that the counts shared a "general likeness").

3

tried for two crimes rather than one." *Sampson*, 385 F.3d at 190. And "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro v. United States*, 506 U.S. 534, 540 (1993).

Paduch argues for severance on the theory that the "inflammatory" nature of the allegations of crimes against minors might cause a jury to infer his criminal disposition to commit the offenses that do not require a minor victim. Def. Mot. at 12. Counts 8 through 13 allege violations of 18 U.S.C. § 2422(b), which prohibits the use of a facility of interstate commerce to induce or entice a minor to engage or attempt to engage in unlawful sexual activity. Counts 1 through 7, meanwhile, allege violations of 18 U.S.C. § 2422(a), which prohibits the inducement or enticement of an individual to travel in interstate commerce to engage or attempt to engage in unlawful sexual activity but does not require that the victim be a minor. In this case, however, all the counts, with the exception of Counts 6 and 7, involve at least some conduct against minors. While Counts 1 through 5, in theory, do not require a minor victim for conviction, many of the allegations underlying those counts do involve conduct against minors—the very same minors relevant to Counts 8 through 12. Indeed, the Government has indicated its intent to "introduce substantially the same evidence of abuse that occurred when the [victims] [were] minor[s] to prove violations of both" types of charged offenses. *See* Government's Memorandum of Law in Opposition to Defendant's Pretrial Motions ("Gov. Opp.") at 9, Dkt. 50; *see also id.* at 10 ("Counts One through Five charge abuse that began when the [victims] were minors and will involve evidence of the same crimes introduced to prove Counts Eight through Twelve."); Oral Arg. Tr. 10:4–10:6.

Severing Counts 8 through 13 from the others would thus not preclude the jury from hearing evidence regarding the sexual abuse of minors. Nor would it serve the interest of judicial economy. "Repeated presentation of this same evidence in separate trials, with its corollary subjection of the [victims] to additional trauma and disclosure of evidence in advance of the second trial, would disserve the interests of judicial economy and the efficiency of the criminal justice

4

system." *United States v. Riddles*, No. 12-CR-556, 2013 WL 3975775, at *2 (S.D.N.Y. Aug. 5, 2013). Further, substantial prejudice "is unlikely where," as here, "proof at separate trials would largely overlap." *United States v. Brozyna*, 571 F.2d 742, 747 (2d Cir. 1978); *see also United States v. Amato*, 15 F.3d 230, 237 (2d Cir. 1994) ("Given this overlap in evidence and the court's repeated cautionary instructions to the jury limiting the use that the jury could make of the . . . evidence, we find no merit in the claim of prejudicial spillover.").

To the extent Paduch seeks to sever Counts 6 and 7—which involve only adult conduct—from the rest, the Court declines to do so. The "character" of Counts 6 and 7 is "not [so] wildly disparate" from the other counts so "as to warrant a finding of substantial prejudice." *United States v. Kemp*, No. 21-1684-CR, 2023 WL 405763, at *7 (2d Cir. Jan. 26, 2023); *see also United States v. Yian*, No. 94-CR-719, 1995 WL 368445, at *11–12 (S.D.N.Y. June 21, 1995) (denying motion to sever homicide counts from attempted abduction counts and finding unpersuasive the defendant's argument that a "brutal killing" would inflame the jury); *United States v. Shannon*, No. 22-CR-10, 2023 WL 4046264, at *3 (N.D. Miss. June 16, 2023) (observing that in *United States v. Littlejohn*, 33 F. App'x 81, 82 (4th Cir. 2002), the court found "no abuse of discretion by district court in denying motion to sever charges of aggravated sexual abuse against an adult victim from counts of engaging in a sexual act with a . . . minor"). In any event, any prejudice that does result can be cured with a limiting instruction. *See Zafiro*, 506 U.S. at 539 ("[L]ess drastic measures [than severance], such as limiting instructions, often will suffice to cure any risk of prejudice."); *see also id.* at 540 ("[J]uries are presumed to follow their instructions."); *United States v. DeVillio*, 983 F.2d 1185, 1192–93 (2d Cir. 1993) (limiting instruction addressed risk of "inflammatory and prejudicial" information).

Paduch further asserts that the Court should sever Counts 8 through 13 from the others because the jury may cumulate evidence, finding him guilty of counts it would otherwise acquit him of were the two sets of counts tried separately. However, "[w]hen the accused's conduct on

5

several separate occasions can properly be examined in detail, the objection [that the jury may use evidence cumulatively] disappears, and the only consideration is whether the trial as a whole may not become too confused for the jury." *United States v. Werner*, 620 F.2d 922, 929 (2d Cir. 1980).

The Court is confident that Paduch's conduct can properly be examined in detail and that there is no such risk of confusion here. It finds unpersuasive, moreover, Paduch's assertion that if the jury were to find that he violated § 2422(a) based on conduct between adults, it would "all but assured[ly]" convict him of violating § 2422(b), the provision requiring a minor victim—or vice versa. Def. Mot. at 13; *see* Oral Arg. Tr. 11:11–11:14. Not only do the elements of the offenses differ, but the jury can also readily discern through evidence presented whether the alleged conduct took place when the victims were minors as opposed to adults. *See United States v. Buyer*, No. 22-CR-397, 2023 WL 1381970, at *1 (S.D.N.Y. Jan. 31, 2023) ("Juries are not only able to compartmentalize evidence as required, but do it with care and, frequently, visible results in the form of verdicts that distinguish among counts."); *see also United States v. Rivera*, 546 F.3d 245, 254 (2d Cir. 2008) (holding that the defendant's "generalized claim of prejudice [was] insufficient" where he argued that the jury would be "influenced . . . by the cumulative effect of evidence relating to distinct offenses in its assessment of whether the government had met its burden of proof on any one charge").

Paduch also contends that the Court should sever Counts 8 through 13 from Counts 1 through 7 because he would otherwise be unable to effectively present defenses applicable to only one set of those counts. For example, a defense of consent is arguably available for Counts 1 through 7 with regard to adult conduct, but not for Counts 8 through 13. Even assuming as much, however, all but two of the § 2422(a) counts here cover both minor and adult conduct involving the same victims, and Paduch fails to explain how joinder would be prejudicial, much less substantially so, where the jury would hear evidence of conduct against minors for both sets of counts. Although Counts 6 and 7 pertain only to conduct against adult victims, the Court once

6

again finds that a limiting instruction would sufficiently cure any risk of prejudice. *See United States v. Merchant*, No. 18-CR-527, 2019 WL 3774068, at *3 (S.D.N.Y. Aug. 12, 2019) ("Even where the risk of prejudice is high, less drastic measures than severance, such as limiting instructions, often will suffice to cure any risk of prejudice and permit joinder.").

In short, Paduch fails to demonstrate that he would suffer substantial prejudice from all thirteen counts being tried together. The Court thus denies his motion for severance.

### III.     Motion for a Bill of Particulars

Lastly, Paduch moves for a bill of particulars regarding certain dates and locations unspecified in the Indictment.

The Sixth Amendment requires that a criminal defendant "be informed of the nature and cause of the accusation[s]" against him. U.S. Const. amend. VI. Accordingly, "Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill of particulars . . . to identify with sufficient particularity the nature of the charge[s] pending against him." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987); *see United States v. Bernstein*, 533 F.2d 775, 786 (2d Cir. 1976). A bill of particulars "enabl[es] [the] defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *Bortnovsky*, 820 F.2d at 574.

A bill of particulars, however, "is not intended . . . as a means of learning the government's evidence and theories." *United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998). It "is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999). Moreover, it "is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means." *Id*. Ultimately, "[t]he decision of whether . . . to grant a bill of particulars rests within the sound discretion of the district court." *Bortnovsky*, 820 F.2d at

574. So too does the "scope and specificity" of any bill of particulars the Court orders the Government to provide. *United States v. Salazar*, 485 F.2d 1272, 1277 (2d Cir. 1973).

### A. Specificity of Dates

Paduch first contends that the Indictment's date ranges for when he allegedly committed the charged offenses are insufficiently specific.

"An indictment need only track the language of [a] statute and, if necessary to apprise the defendant of the nature of the accusation against him, . . . state time . . . in approximate terms." *United States v. Bagaric*, 706 F.2d 42, 61 (2d Cir. 1983), *abrogated on other grounds by Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249 (1994). Courts thus regularly deny motions for bills of particulars even where an indictment merely provides a range of dates during which conduct occurred. *See, e.g.*, *Walsh*, 194 F.3d at 44, 47; *United States v. Maxwell*, 534 F. Supp. 3d 299, 318 (S.D.N.Y. 2021); *see also Edwards v. Mazzuca*, No. 00-CV-2290, 2007 WL 2994449, at *5 (S.D.N.Y. Oct. 15, 2007) (denying habeas relief because an indictment that specified a "period of time" satisfied constitutional notice requirements). Courts do so no matter whether alleged sexual conduct is continuous or episodic. *See United States v. Young*, No. 08-CR-285, 2008 WL 4178190, at *3 (S.D.N.Y. Sept. 4, 2008) (collecting cases); *United States v. Maxwell*, No. 20-CR-330, 2021 WL 3591801, at *6 (S.D.N.Y. Aug. 13, 2021). And they do so "especially" where an "indictment alleges sexual abuse against minor victims," *Maxwell*, 2021 WL 3591801, at *6, given that minors are more often unable to remember exact dates, *see Young*, 2008 WL 4178190, at *2; *Palmer v. Marshall*, No. 07-CV-5917, 2008 WL 714261, at *8 (S.D.N.Y. Mar. 18, 2008), *report and recommendation adopted*, 2009 WL 47424 (S.D.N.Y. Jan. 8, 2009). Thus, where allegations of sexual conduct against minors underlie charged offenses, "fairly large time windows" are frequently found to be consistent "with constitutional notice requirements." *Young*, 2008 WL 4178190, at *2. Those time windows commonly range from several months to several years. *See, e.g., id.* at *3 (collecting cases); *Rosas v. Artus*, No. 05-CV-8440, 2013 WL 499610, at *13

8

(S.D.N.Y. Jan. 29, 2013) (collecting cases denying habeas relief where counts covered lengthy timespans); *Turley v. Graham*, No. 17-CV-06379, 2021 WL 512227, at *11 (W.D.N.Y. Feb. 11, 2021) (same).

The Indictment alleges that Paduch committed unlawful sexual activity against both minors and adults, ranging over different timespans. Some of the victims were minors during part but not all of the cited timespans.

On one end of the spectrum, the Indictment alleges in Counts 8 and 13 that Paduch violated § 2422(b)—which, again, requires a minor victim—for a period of approximately one year. A one-year timespan is well within the range courts have found adequate to apprise a defendant of "the nature of the charge[s] pending against him." *Bortnovsky*, 820 F.2d at 574. For example, in *United States v. Maxwell*, the court declined to require a bill of particulars where an indictment on Mann Act counts covered a three-year timespan. *See* 534 F. Supp. 3d at 318; *see also Errington v. Warden Bedford Hills C.F.*, No. 17-CV-258, 2019 WL 3556683, at *11 (W.D.N.Y. Aug. 5, 2019), *aff'd sub nom. Errington v. Warden, Bedford Hills Corr. Facility*, 806 F. App'x 76 (2d Cir. 2020) (concluding, on habeas review, that two- and five-year timespans for state sex crime charges were not "too broad" to allow the preparation of a defense).

On the other end of the spectrum, the Indictment alleges in Count 4 that Paduch violated § 2422(a) over a timespan of at least twelve years, during part of which the victim was an adult. Some case law suggests that a bill of particulars is unnecessary for such a range, at least where supplemented by clarifying discovery. In *United States v. Pierre-Louis*, for instance, the court denied a motion for a bill of particulars identifying specific dates where a sex trafficking-related count covered a nineteen-year period. *See* 2018 WL 4043140, at *7. It reasoned that the indictment provided sufficient detail when read alongside extensive discovery, including a search warrant affidavit. *See id.* Here, the Government represents that Paduch has similarly received a significant amount of illuminating discovery. *See* Gov. Opp. at 16. Among other things, it has provided

9

medical records documenting the dates of Paduch's appointments with victims—records it asserts constitute "a legend" to the charged conduct. *See* Oral Arg. Tr. 17:7.

That said, some other authority supports the proposition that, in certain circumstances, indictments on counts covering lengthy timespans may require a bill of particulars. For example, in *United States v. Ray*, the court concluded that an eight-year timespan for a sex trafficking count was "so long" that the defense was entitled to "more particulars" to enable it to "mount an independent pretrial investigation." No. 20-CR-110, 2021 WL 3168250, at *11 (S.D.N.Y. July 27, 2021); *see also id.* ("If, in good faith, the Government determines that it cannot provide more precise date ranges, it may so indicate in its bill of particulars and provide as much detail as it can."). Accordingly, *Ray* could counsel in favor of granting a bill of particulars here, even if one limited in nature. *See id.* As Paduch rightly observes, moreover, the dates on the medical records he has received may not adequately narrow the dates of the alleged conduct, given that office visits are not necessarily "synonymous with sexual abuse." Def. Reply at 5; *see* Oral Arg. Tr. 15:5–15:7.

Nonetheless, as Paduch acknowledges, he soon expects to receive material, pursuant to 18 U.S.C. § 3500, that may resolve any outstanding uncertainty about relevant dates. *See* Oral Arg. Tr. 19:5–20:8. By sometime today, the Government intends to produce copies of health practitioners' statements. *See id.* 19:5–19:12; *see also* Gov. Letter, Dkt. 52. And by March 11, 2024, it intends to produce copies of victims' accounts of their abuse. *See* Oral Arg. Tr. 19:5–19:12; *see also* Gov. Letter, Dkt. 52. The Court thus denies without prejudice Paduch's motion for a bill of particulars to the extent he seeks more specific dates. If, after March 11th, Paduch remains of the view that the Indictment, together with the discovery provided, fails to apprise him of "the nature of the charge[s] pending against him," *Bortnovsky*, 820 F.2d at 574, such that he cannot "mount an independent pretrial investigation," *Ray*, 2021 WL 3168250, at *11, he may renew his motion prior to the April 24, 2024 trial.

### B. All Implicated Locations

Finally, Paduch seeks a bill of particulars on the basis that the Indictment fails to identify all the states and federal districts implicated by the alleged offenses involving interstate travel. He observes, for instance, that the Indictment excludes any allegation that he committed part of an offense in the District of Maryland, where he believes one victim lived.

Paduch's argument is unpersuasive. An indictment need not reference *all* the "wheres" underlying a charged offense. *United States v. Ramos*, No. 06-CR-172, 2009 WL 602977, at *1 (S.D.N.Y. Mar. 3, 2009). In each of the § 2422(a) counts, save Count 6, the Government alleges that Paduch induced and enticed victims to travel to Manhattan. In Count 6, it alleges the same as to New Jersey. *See* Indictment ¶¶ 41–42, 65. These locations are "sufficient[ly] particular[]" "to prevent surprise" and enable Paduch "to prepare for trial." *Bortnovsky*, 820 F.2d at 574.

Courts routinely deny motions for bills of particulars where a defendant seeks to identify various additional locations relevant to a charged offense. *See, e.g.*, *United States v. Del Rosario*, No. 12-CR-81, 2012 WL 538243, at *1–2 (S.D.N.Y. Feb. 17, 2012); *United States v. Solomonyan*, 451 F. Supp. 2d 626, 642 (S.D.N.Y. 2006); *United States v. Mercado*, No. 02-CR-675, 2003 WL 21756084, at *3–4 (S.D.N.Y. July 30, 2003). The Court discerns no reason to depart from that common practice here. That travel in interstate commerce is an element of 18 U.S.C. § 2422(a) does not render Paduch's motion unique, nor a bill of particulars necessary. *See, e.g.*, *United States v. Yian*, No. 94-CR-719, 1995 WL 368445, at *2–3 (S.D.N.Y. June 21, 1995); *United States v. Turnquist*, No. 21-CR-15, 2022 WL 1913593, at *1, *3–4 (W.D.N.Y. June 3, 2022).

The Court thus denies Paduch's motion for a bill of particulars with regard to his request for identification of all implicated states and federal districts.

## CONCLUSION

For the foregoing reasons, all of Paduch's motions are denied. His motions to dismiss Count 6 and for a bill of particulars are denied without prejudice, and his motion to sever Counts 8 through 13 from Counts 1 through 7 is denied with prejudice.

SO ORDERED.

Dated:    February 26, 2024
         New York, New York

_____
Ronnie Abrams
United States District Judge