

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

April 8, 2024

Defendant shall provide the Government with his Rule 16 expert disclosure no later than April 11, 2024.

SO ORDERED.

_____
Hon. Ronnie Abrams
April 9, 2024

**BY ECF**
The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:     <u>United States v. Paduch</u>, S2 23 Cr. 181 (RA)

Dear Judge Abrams:

Hours ago, the defense—without providing adequate notice under Federal Rule of Criminal Procedure 16(b)(1)(C)—alerted the Government that it intended to call Dr. Deryn Strange as a defense expert on memory.  The Government respectfully moves the Court to order the defense to provide expert notice no later than 11:59 p.m. tomorrow.[1]

As part of the pretrial schedule, the parties agreed to cross-productions of expert notice on March 22, 2024.  On that day, the Government provided notice of three experts.  Prior to March 22, the Government also requested—and the defense consented—that the Government be permitted to provide notice of a fourth expert on March 29, because the fourth expert had recently changed counsel.  On March 29, the Government timely provided notice of the fourth expert.[2]  As of March 29, the defense did not provide any expert notice and, following March 29, the defense confirmed with the Government that it had not served any expert notice.

This afternoon, the defense sent the attached letter advising the Government of its intent to call Dr. Strange to testify about, among other things, "memory distortion, false memories, and the process for developing a distorted or false memory."  The attached letter includes Dr. Strange's curriculum vitae and published papers but does not include the substance of Dr. Strange's opinions, the specific bases for those opinions, or a list of all matters in which she has testified or been deposed within the past four years.  Accordingly, the letter—which is untimely—fails to comply

---

[1]    When the Government inquired as to the timing of expert notice, the defense stated that expert notice for Dr. Strange would be forthcoming on April 12, at the earliest.

[2]    Earlier today, the Government alerted the defense that it intended to call a *fact witness* to testify, in substance, that the witness never trained the defendant to masturbate patients.  The Government does not regard this witness's testimony as opinion testimony under Rule 702, but, in any event, has provided the defense with the information described in Rule 16(a)(1)(G).

with Rule 16(b)(1)(C)(iii).  The Government respectfully requests that the Court order the defense to provide expert notice no later than tomorrow, April 9, at 11:59 p.m.  That schedule would give the Government two weeks to assess potential challenges to Dr. Strange's testimony under Daubert and, if necessary, to identify and engage specialists needed to support a Daubert challenge against Dr. Strange.

Should the defense fail to provide adequate notice on the deadline set by the Court, the Government respectfully reserves the right to seek preclusion of the witness as a sanction under Rule 16(d)(2)(C).

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

by: \_\_\_\_/s/_____
Marguerite B. Colson / Elizabeth A. Espinosa
Jun Xiang / Ni Qian
Assistant United States Attorneys
(212) 637-2587 / -2216 / -2289 / -2364

**CC**
Counsel of Record