

**VIA ECF**

May 5, 2024

The Honorable Ronnie Abrams,
 United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *United States v. Darius A. Paduch,* Case No. 1:23-cr-00181 (RA)

Dear Judge Abrams:

    This firm represents Dr. Darius Paduch in the above matter. The defense has reviewed the Court's proposed verdict sheet. Once again, *see, e.g.*, ECF No. 75, the defense requests that "Not Guilty" should appear before "Guilty" in order to fulfill this Court's obligation to protect the well-settled bedrock constitutional principles that Dr. Paduch begins deliberations presumed innocent and that the government bears the burden of proof to prove otherwise.

    The Court should be guided by *United States v. Doyle*, 130 F.3d 523 (2d Cir. 1997). There, the Second Circuit, relying on clear and substantial Supreme Court precedent stated:

> A natural inclination of some jurors may be to assume that, because the defendant has been selected for prosecution, he must be guilty. One of the greatest responsibilities of the trial judge is her duty to overcome that inclination by impressing upon the jury the importance of the presumption of innocence and of the Government's burden to prove guilt beyond a reasonable doubt. *See Holbrook v. Flynn*, 475 U.S. 560, 567-68, 106 S. Ct. 1340, 1345, 89 L. Ed. 2d 525 (1986) (both defense counsel and the trial judge have the responsibility diligently to impress upon jurors the need to presume the defendant's innocence); *Birbal*, 62 F.3d at 462-63 ("Since *Winship*, few elements of due process have been clearer than the necessity of informing the jury that, to convict, it must find each defendant guilty beyond a reasonable doubt of every element charged."). As the Supreme Court noted in *Winship*, the reasonable doubt standard is vital in part because it ensures against unjust convictions and reduces the risk of factual error. 397 U.S. at 363, 90 S. Ct. at 1072; *see also*, *Jackson*, 443 U.S. at 315, 99 S. Ct. at 2787. In order to reduce those risks, then, the jurors must be made to see

> that the case against the defendant begins as a *tabula rasa*, a slate upon which may be written only such marks as derive from the evidence admitted at trial. Unless and until the Government meets its burden of proof beyond a reasonable doubt, the presumption of innocence remains with the accused regardless of the fact that he has been charged with the crime, regardless of what is said about him at trial, regardless of whether the jurors believe that he is likely guilty, regardless of whether he is actually guilty. The presumption attaches to those who are actually innocent and to those who are actually guilty alike throughout all stages of the trial and deliberations unless and until that burden is met. A jury charge which implies otherwise creates a serious risk of undermining that vital protection.

*Doyle*, 130 F.3d at 537 (emphasis in original).

Dr. Paduch "begins as a *tabula rasa*," and the verdict sheet should be revised so that "Not Guilty" appears first with respect to each count. Any other result clearly indicates to the jury that deliberation begin with him in the "Guilty" position. Further, the verdict sheet will be provided to the jury by the Court, just as they begin deliberations, cloaking that document with the troubling imprimatur of judicial approval that Dr. Paduch starts as "Guilty" and that he is somehow responsible to move himself to "Not Guilty," when, in fact, that responsibility always lies with the government. We read from left to right and given the well-settled principal of "primacy," the power of seeing "Guilty" first can hardly be overstated.

The government's only possible opposition is the often uttered and never compelling, "We always do it this way." That response has little to do with and is contrary to pursing a fair trial. Further, it is simply not true. Attached is a jury verdict form permitted by the Honorable Allison J. Nathan in the matter of *United States v. Cook*, 13-Cr-777, in which this firm represented the defendant, made the same request, and had it granted. Given that the government has repeatedly relied on rulings in *Hadden* and *Maxwell* simply because they happened, the defense submits the time has come for this Court to consider that same dynamic based on *Cook*.

Dr. Paduch has constitutional principles at issue here; those protections undergird this request. The government's concern is nothing more than push for business as usual. In this instance, to fully discharge one of this Court's "greatest responsibilities," *Doyle*, 130 F.3d at 537, Dr. Paduch's request should be granted.

Respectfully,

Michael Baldassare