UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES,<br><br>v.<br><br>DARIUS PADUCH,<br><br>Defendant. | No. 23-CR-181 (RA) |

RONNIE ABRAMS, United States District Judge:

## DESCRIPTION OF THE CASE

This is a criminal case. The defendant, Darius Paduch, is a urologist alleged to have persuaded, induced, enticed, or coerced seven male patients, some of whom were minors, to travel to his medical office in this district to engage or attempt to engage in unlawful sexual activity. The defendant is also alleged to have used, either himself or through others, computers or telephones to knowingly persuade, induce, entice, or coerce minor patients to engage or attempt to engage in unlawful sexual activity.

The defendant denies the allegations and is presumed innocent. For him to be convicted, the government must prove the charges against him beyond a reasonable doubt.

## QUESTIONS FOR JURORS

Please indicate if your answer to any of the questions (or sub-questions) following each number is "**yes**" by circling the number of that question and informing the Court when asked. If your answer to a question is "**no**," you need not do anything. Do not write your name or make any other marks on the questionnaire. If, when asked about a "**yes**" answer, you are uncomfortable explaining your answer in open court, please say so and we will talk in a more private setting.

**I.    General Questions**

1. Based on my summary, do you have any personal knowledge of the facts or allegations in this case other than what I have told you thus far?

2. Have you heard, read, or seen anything through the media, internet, advertisements, or any other source regarding this case? If so, do you think, for any reason, that it could affect your ability to be fair and impartial in this case?

## II. **Trial Participants**

3. The defendant in this case is Darius Paduch. Do you, or, to your knowledge, any of your close relatives or friends, know him? Have you, or, to your knowledge, any of your close relatives or friends, had any dealings with him? Do you have any information about him that could affect your ability to be fair and impartial in this case?

4. The defendant, a urologist, was affiliated with the following health care providers: Weill Cornell Medicine, Cornell Medical College, New York Presbyterian Hospital, Northwell Health – Long Island Jewish Medical Center, and Memorial Sloan Kettering Cancer Center. Have you, or, to your knowledge, any of your close relatives or friends, ever worked at any of these facilities?

5. Have you, or, to your knowledge, any of your close relatives or friends, had any dealings—personal or professional, positive or negative—with health care providers at Weill Cornell Medicine, Cornell Medical College, New York Presbyterian Hospital, Northwell Health – Long Island Jewish Medical Center, or Memorial Sloan Kettering Cancer Center? If so, would this affect your ability to be fair and impartial in this case?

6. The defendant is represented by Michael Baldassare, Jennifer Mara, Jeffrey Hawriluk, and Derek Miller of Baldassare and Mara, LLC. Do you know, or have you ever had any dealings with, Mr. Baldassare, Ms. Mara, Mr. Hawriluk, Mr. Miller, or their law firm? Have you, or, to your knowledge, any of your close relatives or friends, had any dealings with them or with their firm? Do you have any information about them that would affect your ability to be fair and impartial in this case?

7. The government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Damian Williams. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Marguerite Colson, Elizabeth Espinosa, Jun Xiang, and Ni Qian. They will be assisted by Grayson Glogoff and Mia Vuckovich, who are paralegals with the U.S. Attorney's Office. Do you, or, to your knowledge, any of your close relatives or friends, know any of these individuals? Have you, or, to your knowledge, any of your close relatives or friends, had any dealings with them? Do you have any information about them that would affect your ability to be fair and impartial in this case?

8. Do you, or, to your knowledge, any of your close relatives or friends, have any association—professional, business, or social, direct or indirect—with any member of the staff of the United States Attorney's Office for the Southern District of New York or any other prosecutor's office? If so, would this affect your ability to be fair and impartial in this case?

9. The government attorneys will also be assisted by the following members of law enforcement, including Special Agents with the Federal Bureau of Investigation, or FBI: Stacy Turansky, Justine Atwood, Sean Valverde, Alexandra Chacon, Michael Buscemi, Angela Tassone, Matt Deragon, Walter Harkins, Antonio Pagan, John Zerafa, William Perez, Michelle Gulino, Michele Mezzina, Kelly Noh, Martin Stallone, and Danielle Marsh. Do you, or, to your knowledge, any of your close relatives or friends, know any of these individuals? Have you, or, to your knowledge, any of your close relatives or friends, had any dealings, directly or indirectly, with any of them? Do you have any information about them, the FBI, or any other law enforcement agency generally that would affect your ability to be fair and impartial in this case?

10. Do you, or, to your knowledge, any close relatives or friends, have any association—professional, business, or social, direct or indirect—with the FBI or any other law enforcement agency?

11. Do you know me, Judge Ronnie Abrams; my courtroom deputy, Allison Cavale; or my law clerks, Lucas Forbes, Jordan Dannenberg, Grace Paras, and Axel Hufford?

12. I will now read a list of names of individuals who may be mentioned during the trial, or who may be witnesses in this case:

    a. Jasminda Alvarez

    b. Michael Berger

    c. Alex Bolyakov

    d. Jessica Collazos

    e. Loren Costa

    f. Isbelia Cruz

    g. Chelsea Da Costa

    h. Vanessa Dudley

3

i. Dr. Bruce Gilbert

j. Dr. Marc Goldstein

k. Dr. Amin Herati

l. Dr. James Kashanian

m. Dr. Louis Kavoussi

n. Joseph Kiper

o. Peter Magri

p. Joseph Moscola

q. Dr. John Mulhall

r. Crismelly Ovalle

s. Katelyn Price

t. Elizabeth Puentes

u. Susan Randall

v. Dr. Lisa Rocchio

w. Allison Rose

x. Dr. Peter Schlegel

y. Dr. Richard Schwartz

z. Jon Sendach

aa. Rebecca Smalley

bb. Dr. Deryn Strange

cc. Alicia Williams

dd. Nicole Zavala

Do you, or, to your knowledge, any of your close relatives or friends, know any of those people? Have you, or, to your knowledge, any of your close relatives or friends, had any dealings, directly or indirectly, with any of them? Do you have any information about them that would affect your ability to be

fair and impartial in this case? If so, please raise your hand and we can speak more privately.

13. Attached on a colored sheet of paper is a list of the real names of the defendant's prior patients or their family members who will be testifying under pseudonyms, which is common in this kind of case. Please review the list. Do you have any information about them that would affect your ability to be fair and impartial in this case? If so, please raise your hand.

14. As you look around this room, do you recognize anyone?

### III. Issues Relating to the Subject Matter of this Case

15. If you are selected to serve on the jury, I will instruct you that, in weighing the evidence in this case, you must set aside any personal feelings you may have about the sexual orientation, sex, race, religion, national origin, or age of the defendant or anyone else involved in this trial. Do you have any reservations about your ability to follow that instruction?

16. During the trial, you may hear evidence alleging that the defendant, a urologist, sexually abused patients during the course of their treatment. Could the nature of the charges affect your ability to be fair and impartial in this case?

17. Some of the patients the defendant is alleged to have sexually abused were minors. Could this affect your ability to be fair and impartial in this case?

18. Have you, or, to your knowledge, any of your close relatives or friends, ever been accused of sexual abuse or sexual assault? If so, could this affect your ability to be fair and impartial in this case? If you would prefer not to give your answer in open court, please let me know and we can speak more privately.

19. Have you, or, to your knowledge, any of your close relatives or friends, ever been sexually abused or assaulted, either as a minor or adult? If so, could that affect your ability to be fair and impartial in this case? If you would prefer not to give your answer in open court, please let me know and we can speak more privately.

20. Have you, or, to your knowledge, any of your close relatives or friends, ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to sexual abuse or assault? If so, when and what did you do? Have you ever supported or belonged to any organizations involved in such work?

21. Some of the evidence in this case may involve discussions of examinations of intimate body parts, including the penis, testicles, scrotum, and anus, and may also include explicit images of some of those parts of the body. Some of the evidence may involve sexually explicit conduct, including allegations of sexual assault and sexual abuse. Are you so uncomfortable with the prospect of hearing or seeing such evidence that it could affect your ability to be fair and impartial in this case?

22. Some of the evidence in this case may include what could be perceived as gay pornography. Could such evidence affect your ability to be fair and impartial in this case?

23. Have you, or, to your knowledge, any of your close relatives or friends, received medical treatment in the area of urology, infertility, or sexual health? Given the nature of the allegations, could anything about that experience affect your ability to be fair and impartial in this case? If you would prefer not to give your answer in open court, please let me know and we can speak more privately.

24. Has anyone formed an opinion that the actions charged in the Indictment, as I have described them to you, should not be crimes?

25. Is there anything about the charges, evidence, or defendant as I have described them to you that would affect your ability to be fair and impartial in this case?

IV. **Experience with the Legal System**

26. Are you, or, to your knowledge, any of your close relatives or friends, a lawyer or otherwise trained in the law?

27. Do you, or, to your knowledge, any of your close relatives or friends, work in law enforcement? If so, in what capacity?

28. Have you, or, to your knowledge, any of your close relatives or friends, had any interactions with anyone in law, law enforcement, the justice system, or the courts that could affect your ability to be fair and impartial in this case?

29. Have you, or, to your knowledge, any of your close relatives or friends, either as an individual or in the course of business, ever been a party to any legal action or dispute with the United States or any of its departments, agencies, or employees? Have you, or, to your knowledge, any of your close relatives or friends, had any legal, financial, or other interest in the outcome of such a dispute?

30. Have you—either through any experience you have had or anything you have seen or read—or, to your knowledge, any of your close relatives or friends, developed any strong feelings for or against the United States Department of Justice, the United States Attorney's Office for the Southern District of New York, the FBI, or any other law enforcement agency?

31. Have you, or, to your knowledge, any of your close relatives or friends, ever been involved with or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency?

32. Have you, or, to your knowledge, any of your close relatives or friends, ever been a witness or a complainant in any hearing or trial?

33. Are you, or, to your knowledge, any of your close relatives or friends, now under subpoena, or, to your knowledge, about to be subpoenaed in any case?

34. Have you, or, to your knowledge, any of your close relatives or friends, ever been charged with a crime?

35. Have you, or, to your knowledge, any of your close relatives or friends, ever been arrested, stopped, or questioned by any member of law enforcement?

36. Have you, or, to your knowledge, any of your close relatives or friends, ever been a victim of a crime?

## V. Prior Jury Service and Lawsuits

37. Have you ever been a juror in a criminal or civil case, state or federal? If so, please state whether each case was in state or federal court, whether it was a criminal or civil matter, and, without telling me what the verdict was, whether a verdict was reached. Would that experience affect your ability to be fair and impartial in this case?

38. Have you ever served as a grand juror, state or federal? If so, please indicate where and when you served, and describe, in general terms, the kinds of cases you heard. Recognizing that there is a different, lower, standard of proof in the grand jury, would that experience affect your ability to be fair and impartial in this case?

39. Have you ever been a plaintiff or a defendant in a lawsuit, meaning have you ever sued someone or been sued? If so, what was the nature of the allegations? Would that experience affect your ability to be fair and impartial in this case?

## VI. Evidence and Witnesses

40. The witnesses in this case may include law enforcement witnesses. Would you be more likely to believe a witness merely because he or she is a member of a law enforcement agency? Would you be less likely to believe a witness merely because he or she is a member of a law enforcement agency?

41. Would you have any difficulty accepting my instruction that the testimony of a law enforcement officer should be evaluated by you just as you would evaluate the testimony of any other witness?

42. The witnesses in this case may include physicians or other medical professionals. Would you be more likely to believe a witness merely because he or she is a physician or medical professional? Would you be less likely to believe a witness merely because he or she is a physician or medical professional?

43. Witnesses in this case may testify that they were sexually abused or sexually assaulted. Would you have any difficulty assessing the credibility of a witness alleging sexual assault or abuse just like you would any other witness?

44. You may also hear testimony from expert witnesses. Have you had any experience with experts, or do you have any general feeling about the use of experts, that would affect your ability to be fair and impartial in this case? Would you be more likely to believe a witness merely because he or she is an expert? Would you be less likely to believe a witness merely because he or she is an expert?

45. I will instruct you that you are to give any witness called by the government and any witness called by the defense no greater or lesser weight simply because they are called by the government or by the defense. Would you have any difficulty following my instructions on the law in this regard?

46. Do you have any expectations about the types of evidence that the government should or will present in this criminal trial, or in a criminal trial more generally, such that it would make it difficult for you to accept my instruction that the government is not required to use any particular investigative techniques in a criminal case?

47. Some of the evidence in this trial may be presented in the form of information from cellphones, computers, and online accounts. Any such evidence that will be presented was lawfully obtained. Do you have any feelings about the use of such evidence that would affect your ability to be fair and impartial in this case?

48. Certain witnesses may testify regarding their personal medical history. To protect their privacy in this respect, those witnesses are permitted, if they choose, to be referred to in open court by a pseudonym—that is, under different names. The full names of the witnesses are known to the government, the defense, the Court, and will be shown to you. Would you be more likely to believe a witness merely because he testified under a different name? Would you be less likely to believe a witness merely because he testified under a different name? Is there anything about this process or the use of different names that might affect your ability to evaluate the testimony of such witnesses just like you would any other witness?

49. Under our Constitution, a defendant does not have to testify, because the burden of proof remains with the government at all times. If a defendant does not testify, the jury may not draw any unfavorable inference against the defendant based on that decision. That fact cannot enter at all into the jury's deliberations. Would you have any difficulty following my instructions on the law in this regard? Do you have any problem with the legal principle that the burden of proof in a criminal case rests solely on the government?

50. In addition, under our Constitution, a defendant is innocent until proven guilty. A defendant is therefore under no obligation to present any evidence or case on his own behalf, and it is the government that must prove its case beyond a reasonable doubt. If a defendant elects not to present any evidence, the jury cannot draw any adverse inference against him based on that decision. That fact cannot enter at all into the jury's deliberations in any way. If a defendant does produce evidence or does put on a case, the burden of proof remains with the government and never shifts to the defendant. Would you have any difficulty following my instructions on the law in this regard?

51. Given what I have described to you about this case, have you formed any opinion as to the defendant's guilt?

## VII. Function of the Court and Jury

52. The function of the jury is to decide questions of fact. As a juror, you are the sole judge of the facts and nothing that the Court or the attorneys say or do may intrude in any way on your role as the exclusive fact finder. However, when it comes to the law, you are to take your instructions from the Court and you are bound by those instructions. You may not substitute your ideas of what the law is or what you may think the law should be. Would you have any difficulty following my instructions on the law in this regard?

53. Would you have any difficulty following my instruction that a defendant in a criminal case is presumed innocent, and that the burden of proof remains at all times with the government to prove the defendant guilty of each charge against him beyond a reasonable doubt?

54. Would you have any difficulty following my instruction that an indictment is only an accusation, and that the fact that an individual has been indicted of one or more offenses does not mean that they are guilty of any offense?

55. Would you have any difficulty following my instruction that the question of punishment is for the Court alone to decide and that any possible punishment must not enter into your deliberations as to whether the defendant on trial here is guilty?

56. Sympathy and prejudice must not enter into the deliberations of the jurors as to whether the defendant is guilty or not guilty, and only the evidence produced here in Court may be used by you to determine whether the defendant is guilty or not guilty of the crimes charged. Would you have any difficulty following my instructions on the law in this regard?

57. It may not be a particularly pleasant duty to find another individual guilty of committing a crime. Even if the evidence established a defendant's guilt beyond a reasonable doubt, might you have difficulty rendering a guilty verdict for reasons unrelated to the law and the evidence?

58. If the government fails to prove a defendant's guilt beyond a reasonable doubt, is there any reason that you could not render a verdict of not guilty?

59. Do you have any religious, philosophical, or other beliefs that would make you unable to render a verdict for reasons unrelated to the evidence or the Court's instructions?

60. I don't know if the case will generate any publicity, but if it does, is there any reason that you would not accept the proposition that you should absolutely avoid reading about this case in the newspapers or on the Internet or listening to or watching any radio, television, or media reports concerning the case or anyone involved until after it is over?

61. Is there any reason that you could not accept the proposition that if you see or hear anything about this case outside the courtroom, you must immediately bring it to the Court's attention?

62. I have tried to direct your attention to possible reasons why you might not be able to serve as a fair and impartial juror. Aside from the previous questions I have asked, do you have any doubt, for any reason, about your ability to be fair and impartial in this case?

## VIII. Difficulties in Understanding or Serving

63. This trial is expected to last approximately two to three weeks. The jury will typically sit from 10:00 a.m. to 5:00 p.m. Monday through Friday. Is there any *significant* hardship that would prevent you from serving as a juror for that period of time?

64. Do you have problems with your hearing or vision that might interfere with your ability to serve on the jury in this case?

65. Are you taking any medication that might prevent you from giving full attention to all of the evidence at this trial?

66. Do you have any difficulty reading or understanding English?

67. Do you have any reservations about discussing your opinions with other people or about sitting in judgment of others?

68. Do you have any physical problem, disability, medical issue, or other personal or emotional hardship that might prevent you from giving full attention to all of the evidence at this trial?

69. Is there any other reason why you might not be able to give your full attention to the trial, or serve responsibly as a juror?

## IX. Questions for Individual Jurors

1. Where were you born and where did you grow up?

2. Without mentioning your exact address, what neighborhood do you live in? How long have you lived there?

3. Do you rent or own your home?

4. How far did you go in school and what did you study?

5. If you are employed, who is your employer? What is your occupation? How long have you been employed by that employer? If retired or unemployed, for whom did you last work and when did you work for them?

6. If you have a significant other, what is their occupation? How long have they been employed by their most recent employer?

7. If you have working children, what are their occupations? How long have they been employed by their most recent employer?

8. Have you, or has any member of your immediate family, served in the military? If so, when?

9. How do you get your news?

10. What, if anything, do you enjoy reading?

11. What television shows, if any, do you typically watch or stream?

12. Do you listen to talk radio or Podcasts? If so, what stations or programs?

13. Do you regularly visit any websites or utilize social media? Which ones?

14. Are you a member of any organizations, clubs, associations, or unions, or do you volunteer your time?

15. What do you like to do in your spare time?

16. Name a public person—other than a friend or relative—dead or alive, who you admire.

17. Aside from the questions that have already been asked, is there anything else you believe that this Court or any of the parties might want to know in deciding whether you should be selected to serve as a juror in this case?