

**VIA ECF**

May 22, 2024

The Honorable Ronnie Abrams,
 United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *United States v. Darius A. Paduch*, Case No. 1:23-cr-00181 (RA)

Dear Judge Abrams:

      This letter supplements our motion for a judgment of acquittal on Counts 6 and 11 pursuant to Federal Rule of Criminal Procedure 29, which was made at the close of the government's case. *See also* May 5, 2024 letter (ECF Doc. 124).

      On May 2, 2024, the defense moved for a judgment of acquittal. The Court denied that motion except for Counts 6 and 11, for which the Court requested additional legal argument. Later that day, at 5:09 p.m., the government filed a motion seeking dismissal of Counts 6 and 11. The next morning, prior to a defense response, the Court granted that motion. Thus, the government's letter and the subsequent dismissal of Counts 6 and 11 occurred while Dr. Paduch's Rule 29 motion was still pending.

      For the reasons set forth below, the Court should grant Dr. Paduch's Rule 29 motion for Counts 6 and 11 and enter a judgment of acquittal and/or convert the Order dismissing those Counts to a "with prejudice" dismissal.[1]

      **I.**    **THE DEFENDANT'S RULE 29 MOTION**

      As presented on the record and in our May 5, 2024 letter (ECF Doc. 124), the defense moved for a judgment of acquittal on all counts pursuant to Federal Rule of Criminal Procedure 29, which states:

> (a) After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a

---

[1] Dr. Paduch consents to this motion being decided without oral argument.

> judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.
>
> (b) The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved.

Fed. R. Crim. P. 29.

For the following reasons, the Court should enter a judgment of acquittal on Counts 6 and 11. *First*, the government chose not to proceed with evidence on Counts 6 and 11. For this reason alone, a judgment of acquittal is warranted.

*Second*, a judgment of acquittal is warranted because Dr. Paduch's Rule 29 motion was pending and cannot be mooted by an end run in which the government seeks dismissal contrary to the requirements of Rule 48, *see infra*. Dr. Paduch's motion under Rule 29 was made on May 2, 2024. A few hours after court adjourned that day, at 5:09 p.m., the government filed a letter seeking dismissal. The government's letter and the subsequent dismissal of Counts 6 and 11 occurred after Dr. Paduch made his Rule 29 motion, for which Your Honor requested additional legal argument. The Court granted the government's request on May 3, at 10:24 a.m., before the defense could respond to the motion. (Of course, given his argument when the Rule 29 motion was made, Dr. Paduch would have responded to that motion that a judgment of acquittal or dismissal with prejudice should be entered because jeopardy had attached.) As discussed, *infra*, a defendant's consent is required for a dismissal to occur during trial, pursuant to Rule 48, which the government never obtained.

*Third*, as discussed in Defendant's May 5 letter, jeopardy had attached to Counts 6 and 11 at the time he made his Rule 29 motion. Second Circuit law is clear:

> It is undisputed that jeopardy attached to the entire indictment as soon as the jury is empaneled. *See Crist v. Bertz*, 437 U.S. 28, 35 (1978) (citing *Downum v. United States*, 372 U.S. 734 (1963) as "explicit authority for the proposition that jeopardy attached when the jury is empaneled and sworn").

*United States v. Podde*, 105 F.3d 813, 816 (2d Cir. 1997). Thus, the government's argument that "jeopardy has not attached" is meritless. Tr. 1158:1-4.

## II.     THE GOVERNMENT'S RULE 48 MOTION

The government's May 2, 2024 letter ignores the applicable legal standard under Rule 48, which states:

> The government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent.

Fed. R. Crim. P. 48(a). *See also United States v. Iwuala*, 789 F.3d 1, 4 n.1 (1st Cir. 2015) (stating that Rule 48 applies when the government dismisses individual counts of an indictment); *In re United States*, 345 F.3d 450, 452 (7th Cir. 2003) (same).

Dr. Paduch's consent was never obtained prior to the government's attempt to dismiss the Counts without prejudice during trial. Furthermore, the defendant's Rule 29 motion was still pending. Tr. at 1162. That motion remains pending and must be decided "on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29(b). The evidence at the time the defense made its motion was utterly lacking and because jeopardy attached the dismissal Order should be amended to a with prejudice dismissal.

*     *     *     *

For all these reasons, the Court should enter a judgment of acquittal on Counts 6 and 11 or convert the Order of Dismissal to a dismissal with prejudice because jeopardy had attached at the time of the government's letter (which was actually a Rule 48 motion).

Respectfully,

Michael Baldassare