

**VIA ECF**

May 22, 2024

The Honorable Ronnie Abrams,
  United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *United States v. Darius A. Paduch,* Case No. 1:23-cr-00181 (RA)

Dear Judge Abrams:

      Dr. Darius Paduch seeks a new trial pursuant to Federal Rule of Criminal Procedure 33 because the interests of justice so warrant.[1] Rule 33(a) states in pertinent part:

> Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires ….

Whether to grant a motion for a new trial pursuant to Rule 33 rests in the broad discretion of the trial judge. *United States v. Ferguson*, 49 F. Supp. 2d 321, 323 (S.D.N.Y. 1999) (citing *United States v. Rodriguez*, 738 F.2d 13, 17 (1st Cir. 1984)). The burden of proving the need for a new trial lies with the defendant. *Ferguson*, 49 F. Supp. 2d at 323 (citing *United States v. Soblen*, 203 F. Supp. 542 (S.D.N.Y.1961), *aff'd*, 301 F.2d 236 (2d Cir.1962)). A motion for a new trial may be granted when "evidence preponderates heavily against the verdict to such an extent that it would be manifest injustice to let the verdict stand." *United States v. Archer*, 977 F.3d 181, 188 (2d Cir. 2020).

      The statute underlying all counts of conviction is 18 U.S.C. § 2422, which requires an underlying state or federal offense. As the basis for this federal prosecution, the Second Superseding Indictment accused Dr. Paduch of violating New York Penal Law § 130.55, a class b misdemeanor. If convicted under that statute, Dr. Paduch would have faced up to three months

---

[1] The defense acknowledges that Second Circuit law and certain decisions from the United States Supreme Court have been decided contrary to the argument presented here. *See, e.g.*, *United States v. Briggs*, 141 S. Ct. 467 (2020); *United States v. Johnson*, 852 Fed. Appx. 559 (2d Cir. 2021). At some point, however, those decisions, and the never-ending reach of § 2422 must be challenged, whether at the trial level or on appeal. Seeking relief before this Court and preserving the challenge for appellate proceedings for a modification or reversal of existing law is the first step in that endeavor.

incarceration. N.Y. Penal Law § 70.15. The statute of limitations for § 130.55 is typically two years and even when longer, it is nowhere near what is permitted in this federal matter. N.Y. Crim. Proc. Law § 30.10(2)(c). Thus, there is a monumental disparity between the punishment authorized by the underlying offense versus the federal offense, as well as the applicable statute of limitations for § 130.55 (typically two years) and § 2422 (for which there is no statute of limitations).

Dr. Paduch now faces a mandatory minimum sentence of 10 years and likely far more as punishment. All this because, in order to trigger federal jurisdiction, the government introduced evidence that someone other than Dr. Paduch drove into New York from another state (§ 2422(a)) or sent an email/used a phone (§ 2422(b)). The expansive application of § 2422 in this case is unconstitutional under the Fifth Amendment's Due Process Clause, the Commerce Clause and all other possible justifications. *See, e.g.*, *United States v. Lopez*, 514 U.S. 549 (1995). Permitting this conviction to stand would be a manifest injustice.[2]

                                                  Respectfully,

                                                Michael Baldassare

---

[2] Dr. Paduch does not seek oral argument on this motion.