

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

May 23, 2024

**BY ECF**
The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    <u>United States v. Paduch</u>, S2 23 Cr. 181 (RA)

Dear Judge Abrams:

      The Government respectfully submits this letter in opposition to the defense motions styled as motions under Rules 29 and 33 of the Federal Rules of Criminal Procedure. Those motions are moot or meritless, and should be denied.

      **The Rule 29 Motion**

      Rule 29 provides that the Court must enter a judgment of acquittal on any count "for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29. Prior to trial—and before any jury was empaneled—the Government advised the defense that it did not intend to proceed as to Counts Six or Eleven of the S2 Superseding Indictment. The Government's contemplated dismissal of those Counts was discussed in pretrial filings and on the record at a pretrial conference. (<u>See, e.g.</u>, Doc. No. 76 at 1 n. 2; Doc. No. 102.) During trial, the Government moved to dismiss Counts Six and Eleven, which the Court memo-endorsed on May 2, 2024. (Doc. Nos. 120, 121, 122.) On May 5, 2024, the defense filed a letter arguing that the dismissal of those counts should be with prejudice, and in court on May 6, 2024, the defense renewed its request that the dismissal be with prejudice in light of Double Jeopardy concerns. (Doc. No. 124.) On neither occasion did the defense refer to Rule 48(a) as a bar to the Court's dismissal of those counts.[1]

---

[1] Rule 48(a) is intended as a safeguard against prosecutorial gamesmanship: specifically, to prevent prosecutors from strategically abandoning trial counts (if a trial is going poorly) only to bring them later on. <u>United States v. Doody</u>, 2002 WL 562644, at *2 (S.D.N.Y. Apr. 16, 2002) ("Courts dismiss cases under Rule 48(a) with prejudice or deny such motions only where the prosecutor acted in bad faith, or where dismissal followed by recharge would amount to prosecutorial harassment." (quotations and citations omitted)). Needless to say, that is not what happened here.

Insofar as the defense continues to be concerned about Double Jeopardy, the Government consents to an order from the Court clarifying that its May 2, 2024 memo-endorsement constituted a dismissal of those counts, on the Government's motion, *with prejudice*. With that clarification, the Rule 29 motion is moot.

**The Rule 33 Motion**

Rule 33 provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). While the Rule gives the Court "broad discretion . . to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice, [t]he district court must strike a balance between weighing the evidence and credibility of witnesses and not wholly usurp[ing] the role of the jury." United States v. Ferguson, 246 F.3d 129, 133 (2d Cir. 2001) (quotations and citations omitted). The "ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice," and "[t]here must be a real concern that an innocent person may have been convicted." Id. (quotations and citation omitted).

The defendant is not an innocent man. Nor does the defense articulate any challenge to the fairness of the trial. Instead, the defendant attacks the constitutionality of the statute under which he was convicted—18 U.S.C. § 2422—under "the Fifth Amendment's Due Process Clause, the Commerce Clause and all possible justifications." (Doc. No. 135.) As an initial matter, what the defendant seeks is not a new trial, but dismissal of the Indictment. That relief is not available under Rule 33. United States v. Hernandez, 2024 WL 2078264, at *6 (S.D.N.Y. May 9, 2024) ("It does not authorize the Court to dismiss an indictment or vacate a conviction without granting a new trial, and Hernandez has cited no authority holding that Rule 33, Fed. R. Crim. P. is a viable vehicle for a post-conviction motion to dismiss the indictment or vacate a judgment.").

The defendant's motion also fails on the merits. The defense does not even try to articulate a Due Process or Commerce Clause claim, much less cite applicable law. Mere invocation of a constitutional provision is not a legal argument.

Even if the defense's Commerce Clause challenge were developed, it would fail. The subparts of § 2422 require the Government to prove either the movement of a person in interstate commerce or the use of an interstate facility. See 18 U.S.C. § 2422(a) ("any individual *to travel in interstate or foreign commerce*"), § 2422(b) ("using the mail or any facility or means *of interstate or foreign commerce*"). As the Supreme Court has explained, the Commerce Clause empowers Congress to pass statutes that regulate "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities." United States v. Lopez, 514 U.S. 549, 558 (1995). For this reason, federal courts have repeatedly upheld the constitutionality of § 2422 and similarly worded statutes. See United States v. Griffith, 284 F.3d 338, 348 (2d Cir. 2002) (holding that 18 U.S.C. § 2251 is constitutional because "the movement of the visual depiction itself in interstate commerce, represents a constitutional exercise of Congress' authority under the Commerce Clause"); United States v. Hornaday, 392 F.3d 1306, 1310 (11th Cir. 2004) ("Hornaday's related contention that if § 2422(b) covers his actions its enactment exceeded Congress' Commerce Power is meritless."); United States v. Tykarsky, 446 F.3d 458, 470 (3d Cir. 2006) ("Accordingly, both § 2423(b) and § 2422(b)

represent constitutional exercises of Congress's Commerce Clause power to regulate the use of the channels and instrumentalities of interstate commerce.").

The defense's Due Process claim appears to rest on the contention that federal statutes should not punish criminal conduct more severely than state statutes. (Doc. No. 135.) There is no legal support for that contention. To the contrary, the Second Circuit has held that a sentencing court *need not consider* the sentence that a defendant might have faced for similar conduct in a state proceeding. United States v. Johnson, 505 F.3d 120, 123 (2d Cir. 2007) ("We have also observed that requiring district courts to reduce a defendant's sentence whenever he might have been subjected to different penalties had he been prosecuted in state court would make federal sentences dependent on the law of the state in which the sentencing court was located, resulting in federal sentencing that would vary from state to state." (quotation and citation omitted)). Indeed the Supreme Court has long recognized that the federal government may have a legitimate interest in prosecuting crimes that would be punished more lightly by a state. See Abbate v. United States, 359 U.S. 187, 195 (1959) ("For example, the petitioners in this case insist that their Illinois convictions resulting in three months' prison sentences should bar this federal prosecution which could result in a sentence of up to five years. Such a disparity will very often arise when, as in this case, the defendants' acts impinge more seriously on a federal interest than on a state interest.").

The defendant is an unrepentant sex predator who preyed on countless children, for years. He was convicted following a trial that complied in all respects with the law and the dictates of Due Process. The Rule 33 motion is meritless and should be denied.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney for the
        Southern District of New York

by:   /s/
        Marguerite B. Colson / Elizabeth A. Espinosa
        Jun Xiang / Ni Qian
        Assistant United States Attorneys
        (212) 637-2587 / -2216 / -2289 / -2364

**CC**
Counsel of Record