

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

November 6, 2024

**BY ECF**

Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *United States v. Darius Paduch*, S2 23 Cr. 181 (RA)

Dear Judge Abrams:

    The Government writes in response to the Court's order of November 4, 2024, regarding victim statements the Government seeks to introduce at sentencing, which is scheduled for November 20, 2024.  *See* Dkt. 169.

### I. Victim Statements at Sentencing

    The Government respectfully requests that "Matthew Cirillo" and "Krista Bevin" (the mother of statutory victim, "Luke Bevin"), be permitted to address the Court at sentencing. Furthermore, the Government seeks to read aloud the written statement of Toran Chambers, consistent with his wishes.  As a statutory victim, Matthew Cirillo is unquestionably a "victim" under the Crime Victims' Rights Act ("CVRA").  *See* 18 U.S.C. § 3771(e).  Even assuming Krista Bevin and Toran Chambers are outside that statutory definition,[1] the Government notes that both individuals testified at trial and, more to the point, were unquestionably harmed by the defendant's conduct.  Finally, the Government intends to append to its sentencing memorandum a number of letters submitted by victims of the defendant's conduct.  Consistent with this Court's individual rules and the pseudonymization protocols adopted during trial, the Government will redact and/or pseudonymize certain identifying information.

### II. Restitution

    The Mandatory Victim Restitution Act of 1996 ("MVRA") requires that defendants convicted of certain crimes, including crimes of violence or offenses that cause a "physical injury or pecuniary loss" to "an identifiable victim," "make restitution to the victim of the offense." 18

---

[1] Krista Bevin's son, Luke, was a minor when the defendant committed the abuse underlying Count Nine, and for at least some portion of the abuse underlying Count Two. *See* 18 U.S.C. § 3771(e)(2)(B).

U.S.C. § 3663A(a)(1), (c). Specifically, victims of offenses "resulting in bodily injury" are entitled to recover the costs of "necessary medical and related professional services . . . relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment." 18 U.S.C. § 3663A(2)(A).

The Abolish Human Trafficking Act of 2017 further clarifies that the court shall order restitution, "in accordance with section 3664 in the same manner as an order under section 3663A" for any offense under Chapter 117 of Title 18. *See* 18 U.S.C. § 2429. Each of the offenses of conviction in this case is listed under Chapter 117. Pursuant to 18 U.S.C. § 2429, an order of restitution "shall direct the defendant to pay the victim . . . the full amount of the victim's losses," which is elsewhere defined as, "any costs incurred, or that are reasonably projected to be incurred in the future, by the victim, as a proximate result of the offenses involving the victim, . . . including "medical services relating to physical, psychiatric, or psychological care; . . . reasonable attorneys' fees, as well as other costs incurred; and any other relevant losses incurred by the victim." 18 U.S.C. §§ 2429, 2259.

The victims' losses are not yet ascertainable. Accordingly, the Government requests that the Court set a date within 90 days of sentencing for the "final determination of the victim[s'] losses." *See* 18 U.S.C. § 3664(d)(5) (permitting Court to defer restitution order for up to ninety days following a defendant's sentencing proceeding).

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

by: _____
Marguerite B. Colson
Elizabeth A. Espinosa
Ni Qian
Jun Xiang
Assistant United States Attorney
(212) 637-2587 | -2216 | -2264 | -2289