

**BALDASSARE & MARA, LLC**

<u>VIA ECF</u>

November 7, 2024

The Honorable Ronnie Abrams,
 United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:   <u>*United States v. Darius A. Paduch,*</u> Case No. 1:23-cr-00181 (RA)

Dear Judge Abrams:

      As the Court knows, this firm represents Dr. Darius Paduch. Please accept this letter brief in reply to the government's opposition to Dr. Paduch's Motion for a New Trial.

      <u>*First*</u>, the government's unflinching loyalty to MDC in the face of this record is surprising. Even now, when faced with documents and an uncontradicted statement from Dr. Paduch, the government invites this Court to embrace what can only be called "alternative facts." For example, the government refers to the "<u>*alleged*</u> failure of the MDC to provide" Dr. Paduch with the discovery. Opp'n at 1 (emphasis added). There is nothing "alleged" about the failure. It happened. The MDC admits that the records "reflect[] that Paduch signed for hard drive on August 21." Ex. A.[1] Let this point be clear: if the Court is at all hesitant regarding what the defense has established, Dr. Paduch requests a hearing. He will testify as to his certification. The government can produce MDC employees to testify under oath and be cross-examined. Absent MDC employees testifying, the Court should accept the facts as they are, plain and simple.

      <u>*Second*</u>, the MDC has no credibility whatsoever in connection with Dr. Paduch's motion. In a classic "blame the victim" move, MDC blames Dr. Paduch saying that this is the, "[s]econd drive that Paduch received, so he would have known [the] process for checking out and accessing." Ex. A. That is false and demonstrates just how little MDC knows about what is going on within the institution. The missing hard drive was the <u>*first*</u> hard drive Dr. Paduch ever received. Prior discovery was provided to him on a laptop loaded by the government. Thus, the MDC's statement that he "would have known" is just wrong and, sadly, MDC knows it. The government will not challenge that fact because it was integral in the discovery process.

---

[1] Notes provided by the Government on October 30th, 2024.

Further, demonstrating its signature arrogance and ignorance, the MDC told the government that the defense "appear[ed] to raise issue of *how* to access the materials on the hard drive – not that DAP was never given the hard drive." Ex. A. (emphasis in original). That is false, as is clear from the plain language of the defense's email. D5 (appended to moving brief). It is mind-boggling how the MDC could make such a statement to the government. The defense looks forward to cross-examining any MDC employee who is willing to stand by that statement under oath.

Thus, the Court should decide Dr. Paduch's motion without regard to any claims raised by MDC in defense of its all-too-typical dereliction of duty. Indeed, Dr. Paduch should receive the benefit of every doubt and inference as the Court evaluates his motion.

*Third*, the government's argument that "the defendant failed to exercise due diligence" ignores the reality of this case. Opp'n at 4. Dr. Paduch was detained at MDC, under constant lockdowns and the like. To be sure, in a perfect world, one in which the defense and their detained client were not preparing for and trying a federal criminal case, the events could have rolled out seamlessly as the government argues. That is just not realistic. Rather, Dr. Paduch and the defense made a very different mistake: trusting MDC to abide by this Court's Order and believing MDC's repeated representations to this Court that Dr. Paduch had access to all his discovery. The error of relying on MDC (which the government continues to defend) to follow the law cannot be laid at Dr. Paduch's feet, particularly as he faces a long prison sentence. At some point, the MDC has to be held accountable and this case presents the perfect opportunity for a federal court to do so.

\* \* \* \*

For all of the foregoing reasons, the Court should grant Dr. Paduch's motion for a new trial.

Respectfully,

*/s/ Michael Baldassare*

Michael Baldassare