

**BALDASSARE & MARA, LLC**

<u>**VIA ECF**</u>

November 14, 2024

The Honorable Ronnie Abrams,
  United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

       Re:    *United States v. Darius A. Paduch,* Case No. 1:23-cr-00181 (RA)

Dear Judge Abrams:

As the Court knows, this firm represents Dr. Darius Paduch.  Please accept this letter in response to the Government's November 6 and November 8 letters discussing victim statements at sentencing and restitution.

For the purposes of sentencing only, Dr. Paduch's positions are as follows.[1]  Dr. Paduch does not object to Matthew Cirillo and Krista Bevin addressing the Court at sentencing.  Neither Mr. Chambers nor BB, however, satisfies the definition of a "crime victim" pursuant to 18 U.S.C. § 3771(e)(2)(A).  Mr. Chambers was a Rule 413 witness.  Therefore, the jury made no finding as to his victim status.  BB was neither a statutory victim, nor a 413 witness.  Therefore, there was no finding as to his victim status.

The defense also objects to the inclusion of a "number of letters submitted by victims of the defendant's conduct."  The government has provided the defense with insufficient notice to investigate the allegations of these individuals and whether the individuals were treated by Dr. Paduch. For example, the government has not provided the identities of these individuals. The government has not identified discovery on these individuals. If the court is to consider the statements of non-victims in rendering Dr. Paduch's sentence, a hearing should be ordered pursuant to Fed R. Crim P. 32(i) and USSG 6A1.3.  Alternatively, the Court should decline to consider those statements pursuant to Rule 32(i)(3)(b).

---

[1] Because Dr. Paduch asserts his innocence, he does not concede that there are any victims of his alleged conduct.

We thank Your Honor for your time and attention to this matter. [2]

Respectfully,

Michael Baldassare

---

[2] On the matter of restitution, Dr. Paduch relies on Section VI(G) of his sentencing memorandum.