

BALDASSARE & MARA, LLC

**VIA ECF**

November 18, 2024

The Honorable Ronnie Abrams,
 United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

The Government shall respond no later than November 19, 2024 at 12:00 p.m.

SO ORDERED.

_____
Hon. Ronnie Abrams
November 18, 2024

Re:   *United States v. Darius A. Paduch,* Case No. 1:23-cr-00181

Dear Judge Abrams:

As the Court knows, this firm represents Dr. Paduch. For the reasons set forth below, the Court should convert the sentencing hearing set for this Wednesday to an in-person status conference to resolve the serious issues raised by the government's inappropriate sentencing filing.

The need for and timing of this request is laid at the government's feet. In sum, the government: (1) has submitted 55 alleged victim statements that are not appropriate for consideration; and (2) urges this Court to impose a *de facto* life sentence based on alleged evidence without sufficient basis. Had the government provided this information as part of the PSR process or given any notice of such intentions before the eve of sentencing, a delay could have been avoided.

(1):  The government has submitted 55 statements that have no place at sentencing.[1] Of those 55 statements: 24 are unsigned and provide no name or other information;[2] 8 are signed "Anonymous;" 5 are signed with initials; 1 is signed "Lost Faith;" and 1 appears to be signed, but is redacted. (The remaining 16 statements come from 3500 materials and are discussed, *infra*.)

---

[1] The government has submitted the statements of 66 individuals. The defense does not object to the submission and consideration of 11 individuals (7 are statutory; 4 are 413 witnesses) because they testified and were subject to cross-examination. For these 11, the government relies on trial testimony and (for some) a supplemental statement to the Court.

[2] The government's sentencing memorandum identifies the author of two of the 24 unsigned statements. Nonetheless, the defense objects to those statements because the government did not provide them until the eve of sentencing. *See* Gov't Mem. at 35 & Ex. A-1 (identifying Krista Bevin, who testified at trial); Gov't Mem. at 43 & Ex. A-37 (identifying the author as BB's mother – neither BB nor his mother testified at trial).

The government has not provided the Court or the defense with the names of these individuals. There is no way to determine if the individuals were ever treated by Dr. Paduch. The government has never even represented that it knows the authors' identities. At least one letter was written to "ATD LAW FIRM (Anthony T. DiPietro, Esq.)." Gov't Sent. Mem. at Ex. A-14. That letter was simply sent by a civil attorney to the government for submission, as if this is a ministerial proceeding and not one in which the government seeks a *de facto* life sentence. This letter raises the probability that the government sent this Court letters from civil lawyers without conducting any due diligence, such as, learning the names of the authors.

Further, the statements were not provided as part of the draft-PSR, thereby precluding the defense from lodging any objection. There is no way for the defense to conduct any assessment of or raise any challenge to the incendiary statements or the claimed credibility of the authors. For example, neither the Court nor the defense (and probably the government) knows how many individuals made statements *after* the media blitz that occurred after Dr. Paduch's conviction. *See, e.g.*, Def.'s Sent. Mem. Ex. V1. No one knows how many of these individuals maintain civil lawsuits, whether they have settled, or whether they have otherwise been dismissed or the like.

In addition to the unsigned/anonymous statements, the government asks this Court to fashion a *de facto* life sentence based on the alleged statements of 16 individuals for whom the government had provided 3500 materials, but who did not testify. That information does not meet the legal standard. Dr. Paduch is fully aware that the Federal Rules of Evidence do not apply at sentencing; however, the government still bears the burden of demonstrating that "the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a).

The government does not provide any firsthand statements from the 16 individuals. Rather, the government has written its own 14-page summary of 302s written by an FBI agent that were, in turn, drafted based on notes taken by the agent during interviews that were not recorded. Gov't Sent. Mem. at 16-30. The hearsay-upon-hearsay-upon-hearsay fails to meet the government's burden. And, consistent with the government's handling of the unsigned/anonymous statements, the government did not present information for these 16 individuals as part of the PSR process, thereby denying the defense any opportunity to object, investigate or otherwise challenge that information in advance of sentencing.

Dr. Paduch has a right to the due process of law at sentencing, including procedural safeguards. *United States v. Pugliese*, 805 F.2d 1117, 1122 (2d Cir. 1986). The government's last-minute reliance on the aforementioned statements violates that basic concept.

(2): Other material that is inappropriate for use at sentencing. The government asks the Court to fashion a sentence based on images that the government still contends are CSAM even though it has already conceded it does not have proof of such, as well as a video that the government misleadingly tells this Court Dr. Paduch appears in even though the adult male in the video is only depicted from the waist down. Yet again, and revealing a theme in the government's approach to Dr. Paduch's sentencing, the government did not make this information part of the PSR process, thereby precluding a timely objection, investigation or other challenge to its use at sentencing. But there are other problems with this alleged evidence.

As this Court will recall, during oral argument on Dr. Paduch's *in limine* motion to exclude the alleged CSAM images, the following exchange occurred:

> THE COURT: To be clear, my understanding is that the government cannot definitively state that these individuals were under age. Is that accurate?
>
> MS. COLSON: That's correct, Your Honor.

Pretrial Conference 4/17/24 Tr. 39:5-9. The government cannot let go of those images and has no valid basis to offer them once again, particularly given that the government has not provided any basis to believe that its lack of evidence has gotten any better. If the government persists in relying on those images, Dr. Paduch requests a hearing at which the images can be analyzed by experts and other witnesses.

On Page 46, the government argues that the Court should consider a particular video. Again, the government never proffered that item during the PSR process. Also, there are reliability issues such that this Court should not consider that information. It is difficult to imagine why the government feels the need to rely on this video, except to ensure that the public is aware of alleged evidence that would never have been admissible at trial. Or, perhaps the government relies on this video because the government knows its obscene request for a *de facto* life sentence is unreasonable under the prevailing legal standard.

* * * *

For all these reasons, the Court should convert the sentencing hearing scheduled for this Wednesday to an in-person status conference at which, among other things, the Court schedules a hearing so that the defense has an opportunity to cross-examine the author of all statements. At the status conference, the government should provide additional information such as the source of the statements, the identities of the authors, the manner in which the government came to possess the statements and the due diligence the government conducted before asking this Court to consider the statements at sentencing.

The government will no doubt protest on the basis that individuals need finality in sentencing and perhaps that travel plans have been made to attend the proceeding. The government should have considered that issue before relying on the information discussed in this letter. The delay is on the government, not the defense. Further, the government asks for a *de facto* life sentence. The convenience of others must yield to Dr. Paduch's ability to defend himself.

      A delay in sentencing is unnecessary if the government (1) informs the Court and the defense by the close of business today that it withdraws the statements, the video and the reliance on legal pornography and (2) represents that it will withdraw its sentencing filing and refile without those arguments and information. If the government takes those actions by the end of today, the defense has no objection to proceeding on Wednesday.

                                            Respectfully,

                                            Michael Baldassare