

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

November 19, 2024

**BY ECF**
The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:     ***United States v. Paduch***, S2 23 Cr. 181 (RA)

Dear Judge Abrams:

The Government respectfully submits this letter in response to the defendant's November 14, 2024 request that the Court ignore certain victim accounts ("Nov. 14 Letter") (Dkt. 177) and his November 18, 2024 request that the Court again adjourn sentencing and instead hold a status conference to schedule a *Fatico* hearing ("Nov. 18 Letter") (Dkt. 180).  For the reasons set forth below, the Court should hold sentencing, as scheduled, tomorrow.

To be clear, the Government's recommendation that the Court sentence the defendant to at least 30 years' imprisonment is fully supported by the 18 U.S.C. § 3553(a) factors if the Court relies on the testifying victims *alone*. (*See* Gov't Sent. Mem. at 2 n.1).

The defendant is wrong, however, to contend that the Court is limited to considering only those victims in crafting an appropriate sentence. "It has long been established that the Due Process Clause does not restrict a court with respect to the type of information it may consider for purposes of sentencing." *United States v. Delacruz*, 862 F.3d 163, 175 (2d Cir. 2017). To the contrary, sentencing courts have "broad discretion both as to the type of information they may consider in imposing sentence and the source from which that information derives." *United States v. Smith*, 967 F.3d 198, 216 (2d Cir. 2020); *see United States v. Watts*, 519 U.S. 148, 151 (1997). This principle is codified in 18 U.S.C. § 3661, which provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

Under the Crime Victims' Rights Act ("CVRA"), courts are charged with ensuring that a statutory victim is afforded "an array of substantive and participatory rights," including the right to be reasonably heard at any public proceeding in the district court involving sentencing. *In re Rendon Galvis*, 564 F.3d 170, 174 (2d Cir. 2009); *see* 18 U.S.C. § 3771(a)(4), (b)(1). But the

CVRA does not circumscribe the individuals who may be heard at sentencing. Even where a speaker "does not qualify as a statutory victim," Congress "has not placed arbitrary limits on what information a district court may consider at sentencing." *Smith*, 967 F.3d at 215 (no abuse of discretion in decision to allow person who had been sexually abused by defendant to address court at sentencing regardless of statutory victim status); *accord, e.g.*, *United States v. Kimmons*, No. 19-4374, 2022 WL 2344088, at \*2 (2d Cir. June 29, 2022) (summary order) (no abuse of discretion in decision to permit person defendant had addicted to heroin to address court at sentencing, regardless of statutory victim status). "Provided a defendant has a fair opportunity to respond, a district court has discretion at a sentencing hearing to receive statements or information that are relevant to what sentence the court should impose" even where the speaker is not a statutory "victim" under the CVRA. *Smith*, 967 F.3d at 216.

The defendant has long known the identities of the victims referenced on pages 16 to 29 of the Government's sentencing submission.[1] (Dkt. 175). Together with their statements, the identities of those victims were disclosed as part of the Government's 3500 production well over a month before trial. The Court's consideration of those victims' account is perfectly proper under 18 U.S.C. § 3661. While the defendant may not know the names of the anonymized authors of certain victim-impact letters, the submission of their statements to the Court is likewise permitted under 18 U.S.C. § 3661. There is no merit to the defendant's argument that these statements must be "withdrawn" unless he is able to cross-examine the relevant victims. Nor is there merit to the defendant's assertion that he is entitled to litigate these victims' statements before the issuance of the Presentence Investigation Report.

In any event, the Government will not compel any victims to testify at a *Fatico* hearing, and the sentencing should not be adjourned for that reason.[2] As the Court knows from trial, testifying about the defendant's sexual abuse is itself excruciatingly painful for victims and their families. In the Government's view, inflicting such pain for the purpose of supporting a somewhat enhanced sentence for the defendant is not in the interest of justice. If the Court elects to give statements of un-crossed victims absolutely no weight in fashioning its sentence, the law permits the Court to do so. While 18 U.S.C. § 3661 places no limit on what the Court may consider at sentencing, it also does not compel the Court to rely on everything that the parties have placed into

---

[1] Furthermore, defense counsel has known since at least September 26, 2024 that the Government intended to reference the accounts of non-testifying victims in connection with sentencing. On that date, the Government had a phone call with defense counsel during which the parties discussed, among other topics, the statement of a particular non-testifying victim whose interview notes the Government sent to counsel that day.

[2] The defendant's request that the pornographic images from his computer be analyzed by an expert also does not justify an adjournment of sentencing. The Government has not and does not contend that these images depict actual underage children and, to be clear, does not ask the Court to sentence on that basis. These images (together with the images of the defendant displaying his own penis at work, as well as the video of the defendant filming his pet dog licking his genitals) are probative because they address the need for incapacitation. Ultimately, the significance of these materials pales in comparison to the defendant's abuse of the testifying victims, which is the basis for the Government's sentencing recommendation.

the record. If the Court is concerned about relying on statements from un-crossed victims, then the Government is prepared to proceed at sentencing without relying on the accounts from such victims, even though the Government continues to credit *all* victims in this case.

For the reasons set forth in the Government's principal sentencing submission, even if the Court confined itself solely to the victim accounts adduced at trial—through witnesses whom the defense had the opportunity to cross-examine, and did cross-examine—a sentence of at least 30 years' imprisonment would be necessary. The Government respectfully requests that the defendant's motion to adjourn sentencing be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

by: _____
Marguerite B. Colson
Elizabeth A. Espinosa
Ni Qian
Jun Xiang
Assistant United States Attorneys
(212) 637-2587 | -2216 | -2289 | -2364

Cc: Michael Baldassare, Esq. (By ECF)