UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-cr-181 (RA) |
| v. | MEMORANDUM |
| DARIUS A. PADUCH, | OPINION & ORDER |
| Defendant. | |

RONNIE ABRAMS, United States District Judge:

In May 2024, a jury convicted Defendant Darius Paduch, a urologist, of committing sex crimes against his patients in violation of 18 U.S.C. § 2422(a) and (b). As the evidence at trial demonstrated, Paduch masturbated the patients—many of them minors—for no medical purpose. Shortly after the trial, Paduch filed a motion for a new trial under Federal Rule of Criminal Procedure 33, arguing that his convictions violated the Due Process Clause. *See* Dkt. 135. The Court denied his motion. *See* Dkt. 158.

On October 23, 2024, Paduch filed another motion for a new trial under Rule 33, which is now before the Court. *See* Paduch Mot., Dkt. 166. According to Paduch, he did not receive a hard drive of discovery materials from the Government until after his trial was over. Although his counsel timely received these materials, Paduch argues that they qualify as "newly discovered evidence" entitling him to a retrial because he was unable to review them while incarcerated before and during the trial. For the reasons that follow, the motion is denied.

## BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history of this case, which the Court summarized in its opinion denying Paduch's first motion for a new trial. *See* Dkt. 158.

Darius Paduch worked as a urologist specializing in male infertility and male reproductive health. In April 2023, the Government filed a multi-count indictment alleging that Paduch had sexually abused many of his patients while he was employed at a prestigious medical institution in New York City. *See* Dkt. 2. As the Government would later prove at trial, Paduch masturbated numerous of his patients without any medical purpose. When patients came to see him for treatment of sexual dysfunction or fertility issues, Paduch would inform them that they needed to provide a semen sample or "practice" masturbating. *See* Trial Tr. 124:6–11, 168:17–18, 660:22–25, 704:10–11, 747:19–20, 934:5. Paduch would then remain in the exam room or reenter it before his patients finished masturbating. *See, e.g.*, *id.* at 705:19, 734:15–17, 901:2–4. He watched them masturbate as pornography played, before using his own hands and vibrating devices to masturbate them. *See, e.g.*, *id.* at 653:24–25, 734:13–17, 900:13–16, 901:13–17, 1042:1–7. Paduch often commented on the appearance of his patients' penises and masturbation techniques, and disclosed information about his own sexual activity. *See, e.g.*, *id.* at 666:16–667:6, 856:9–13, 913:21–24, 1043:16–18, 1136:3–6.

In advance of Paduch's trial, the Court ordered that he have access to a computer while he was detained at the Metropolitan Detention Center ("MDC") so that he could review discovery materials. *See* Dkt. 41. After MDC officials refused to grant Paduch sufficient access to the computer, the Court entered several more orders requiring compliance. *See* Dkt. 64, 87.

On April 10, 2024, several weeks before the start of the trial, the Government sent a hard drive of discovery materials (the "Hard Drive") to Paduch at the MDC. *See* Paduch Mot. at 2. These materials included medical records of several of Paduch's victims, emails setting up their appointments, and text messages they exchanged with Paduch. *See* Paduch Mot. at 6; Gov't Opp., Dkt. 168, at 1–2, 4. On April 15, the MDC finished its inspection of the Hard Drive and cleared

it for release to Paduch. *See* Paduch Mot. at 2. A week later, Paduch's counsel requested and received tracking information on the Hard Drive, as Paduch had not yet received it. Although Paduch was able to access other discovery, he was not provided access to the materials on the Hard Drive by the time the trial began, on April 24. His counsel again contacted the MDC about the Hard Drive on April 26, but Paduch still was not granted access. At no point during the trial did Paduch or his counsel notify the Court that he had not been able to access the Hard Drive.

The jury returned a guilty verdict on May 8. Paduch then filed a motion for a new trial, which the Court denied on August 2. *See* Dkt. 158. On August 21, Paduch finally received access to the Hard Drive at the MDC. *See* Paduch Mot. at 3. He filed the instant motion for a new trial on October 23, 2024.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 33 authorizes a court to "vacate any judgment and grant a new trial if the interest of justice so requires." One basis for a new trial is "newly discovered evidence." Fed. R. Crim. P. 33(b)(1). Defendants who move for a new trial on this ground must prove that "(1) the evidence was newly discovered after trial; (2) facts are alleged from which the court can infer due diligence on the part of the movant to obtain the evidence; (3) the evidence is material; (4) the evidence is not merely cumulative or impeaching; and (5) the evidence would likely result in an acquittal." *United States v. Forbes*, 790 F.3d 403, 406–07 (2d Cir. 2015) (alterations and internal quotation marks omitted). Such motions should be granted only "in the most extraordinary circumstances" to address "a real concern that an innocent person may have been convicted." *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992).

## DISCUSSION

In his motion, Paduch argues that the Hard Drive constitutes "newly discovered evidence" that entitles him to a new trial under Rule 33(b)(1). Paduch Mot. at 4. Although he does not dispute that his counsel timely received a copy of the materials on the Hard Drive, Paduch asserts that he "likely" would have been acquitted if he had been able to personally review them. *Id.* at 7. In particular, Paduch argues that he would have been able to better assist counsel in preparing a more effective cross-examination if he had had access to the materials, and that he would have been able to make a "fully informed" decision on whether to testify in his own defense. *Id.*

The Government opposes Paduch's motion on several grounds, including (1) that the Hard Drive does not qualify as "newly discovered evidence" because Paduch's counsel was in possession of those materials, and (2) that even if Paduch had been able to review the Hard Drive materials, it would not "likely" have resulted in an acquittal. *See* Gov't Opp. at 2–5.

### I. "Newly Discovered" Evidence

First and foremost, the Court agrees that Paduch's motion must be denied because his counsel was in possession of the Hard Drive materials before and during his trial. As a leading treatise puts it, "[a]ny evidence that was known to a defendant *or his counsel* at the time of the trial" does not qualify as "newly discovered" evidence under Rule 33(b)(1). 3 Wright & Miller, Federal Practice & Procedure § 584 (5th ed. 2024) (emphasis added) ("The evidence must truly be newly discovered and unknown at the time of trial."). Other circuits have repeatedly reached the same conclusion: "evidence is not 'newly discovered' when it was known or could have been known by the diligence of the defendant or his counsel." *United States v. Provenzano*, 620 F.2d 985, 997 (3d Cir. 1980) (internal quotation marks omitted); *accord United States v. Lenz*, 577 F.3d 377, 382 (1st Cir. 2009) (barring "defendants from prevailing under Rule 33's 'newly discovered

evidence' provision when their lawyers knew at trial about the evidence that defendants [later] claim is newly discovered" (internal quotation marks omitted)). And while the Second Circuit has not had occasion to address this issue in a Rule 33 posture, it has held that evidence that counsel possessed at trial is not "newly discovered" in the analogous context of Federal Rule of Civil Procedure 60(b)(2). *See United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983) (finding that such evidence was not newly discovered because counsel knew about it "all along"); *Pal v. Apfel*, 14 F. App'x 113, 114 (2d Cir. 2001) (agreeing with district court that "files at all times in the possession of plaintiff's counsel can hardly be characterized as newly discovered" (internal quotation marks omitted)). The import of this authority is clear: a defendant may not bring a Rule 33(b)(1) motion premised on evidence that his counsel possessed during his trial.

To be clear, the Court is deeply frustrated and disappointed by the conduct of the MDC. Nonetheless, the fact that Paduch's counsel had possession of the Hard Drive materials before and during his trial bars him from now bringing a Rule 33(b)(1) motion premised on that evidence.

## II. "Likely" to Result in Acquittal

Even if the Hard Drive materials qualified as newly discovered evidence, however, Paduch would still need to show that he "likely" would have been acquitted if he had had access to them at the MDC. *See Forbes*, 790 F.3d at 407 (internal quotation marks omitted). To make this showing of prejudice, Paduch would need to explain in some fashion how he could have used documents on the Hard Drive at trial, be it for cross-examination or in his case in chief. *See United States v. Cristobal*, No. 23-6107, 2024 WL 1506750, at *5 (2d Cir. Apr. 8, 2024) (finding that defendant asserting *Brady* claim failed to establish prejudice because she did "not identify any pages, individually or in the aggregate that she would have used at trial").

Paduch fails to make that showing here. Rather than explain how he would have tried his case differently if he had had access to the Hard Drive, Paduch offers only vague speculation that he could have used the materials to "work[] with counsel on cross-examination" and make a "fully informed" decision as to whether to take the stand. Paduch Mot. 5, 7. Paduch provides no details at all, however, as to which documents on the Hard Drive he would have used or how he would have used them, nor does he explain how any of those documents would have affected the verdict. The jury heard powerful and credible testimony from multiple victims about how Paduch sexually abused them, and it is unclear to the Court how Paduch's review of the materials on the Hard Drive would have undermined, let alone refuted, any of that testimony. *See* Gov't Opp. at 4–5. In other words, the contention that Paduch would have devised a winning strategy had he been able to review those materials is baseless, given that he does not even begin to explain how he would have used the materials or proceeded differently. In short, even if the Hard Drive materials qualified as newly discovered evidence, his motion would still fail on the alternative ground that he has failed to show that he likely would have been acquitted.

## CONCLUSION

Accordingly, the Court concludes that Paduch's motion is not based on newly discovered evidence and does not establish prejudice. His motion is thus denied. The Clerk of Court is respectfully directed to terminate the motion pending at docket number 165.

SO ORDERED.

Dated:  November 20, 2024
        New York, New York

Ronnie Abrams
United States District Judge