

**VIA ECF**

May 7, 2025

Honorable Ronnie Abrams,
 United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    <u>United States v. Paduch</u>, Crim. No. 1:23-cr-181 (RA)

Dear Judge Abrams:

      This firm represents Darius Paduch in the above-referenced matter. Now that the final Judgment of Conviction has been entered which finalizes punishment on all fronts, please accept this letter brief in lieu of a more formal submission in support of Dr. Paduch's motion to correct his sentence pursuant to Federal Rule of Criminal Procedure 35.[1] For the reasons discussed herein, the 240 month and five life sentences imposed by the Court violate the Eighth Amendment's prohibition against cruel and unusual punishment.

**I.**    **BACKGROUND**

      In April 2024, Darius Paduch proceeded to trial on 11 Counts in the Second Superseding Indictment. PSR ¶ 16. Following the jury's verdict, Dr. Paduch moved for a new trial on two distinct bases: first, based on an issue regarding the statute of limitations of the underlying state statutes as applied to 18 U.S.C. § 2422(a) & (b) (ECF No. 135) and also based on the Metropolitan Detention Center's failure to abide by two of this Court's orders to provide Dr. Paduch with discovery. ECF No. 166. The Court denied those motions, ECF Nos. 158 and 184, and the Court imposed part of his sentence (240 months and five concurrent life sentences) on November 20, 2024. ECF No. 186, at p. 2.

---

[1] The law is clear that an Eighth Amendment challenge includes both the sentence of imprisonment and the imposition of fines and restitution. *See United States v. Viloski*, 814 F.3d 104, 113 (2d Cir. 2016). Thus, with the entry of the final Judgment of Conviction, ECF No. 202, Dr. Paduch is now able to make his challenge under the Eighth Amendment.

## II.  APPLICABLE LEGAL STANDARD

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., amend. VIII.  Determining whether a sentence violates the Eighth Amendment entails an analysis "beyond historical conceptions" and into "the evolving standards of decency that mark the progress of a maturing society." *Graham v. Fla.*, 560 U.S. 48, 58 (2010) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)).  Because proportionality is "central to the Eighth Amendment," the "punishment for crime should be graduated and proportioned to [the] offense." *Id.* at 59 (citing *Weems v. United States*, 217 U.S. 349, 367 (1910)).

Courts consider "all of the circumstances of the case to determine whether the sentence is unconstitutionally excessive." *Graham*, 560 U.S. at 59; *see also Harmelin v. Mich.*, 501 U.S. 957 (1991) (delineating approach for determination of whether term of years sentence is "grossly disproportionate" for the defendant's particular crime).  Courts must engage in a comparison of the "gravity of the offense" against "the severity of the sentence." *Harmelin*, 501 U.S. at 1005.  If an inference supports such a gross proportionality, the Court should proceed by (i) comparing the defendant's sentence with other offenders in the same jurisdiction and (ii) other sentences imposed for the same offense in other jurisdictions. *Id.*

When this legal standard is applied to Dr. Paduch's sentence, it is clear that he should be resentenced based upon the Eighth Amendment.

## III.  DR. PADUCH'S SENTENCE IS GROSSLY DISPROPORTIONATE COMPARED TO OTHER OFFENDERS IN THIS DISTRICT AND OFFENDERS IN OTHER JURISDICTIONS CHARGED WITH THE SAME OFFENSE.

Dr. Paduch's sentence far exceeds – by a wide margin – the sentences of similarly-situated defendants within this District and others.  The United States Sentencing Commission's Judiciary Sentencing Information ("JSIN"), incorporated into Dr. Paduch's Presentence Investigation Report, is particularly instructive here.  PSR at p. 34.  The JSIN germane to Dr. Paduch's base offense guideline, USSG § 2G1.3, is as follows:

> During the last five fiscal years (FY2020-2024), there were 74 defendants whose primary guideline was § 2G1.3, with a Final Offense Level of 43 and a Criminal History Category of I, after excluding defendants who received a § 5K1.1 substantial assistance departure. For the 74 defendants (100%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 303 month(s) and the median length of imprisonment imposed was 300 month(s).

JSIN, USSG § 2G1.3.

Similarly, even defendants in this District with the same guideline calculation and criminal history category as Dr. Paduch received less than one life sentence.  Within the last year, a number


of defendants in this District specifically pled and were sentenced for violations of 18 U.S.C. §§ 2422(a) and/or (b) and fell within the same guideline range as Dr. Paduch. Those defendants received far less severe sentences. *See*, *e.g.*, *United States v. Concepcion*, Crim. No. 1:21-cr-479 (LAP) (sentenced to 30 years in prison despite a Total Offense Level of 43 and the government's request for 45-year sentence); *United States v. Ramos*, 1:23-cr-380 (JGK) (sentenced to 97 months for smuggling, harboring, and transporting to engage in unlawful sexual activity despite government's request for above-guideline sentence of at least 157 months).[2] Thus, based on this analysis and the available data, Dr. Paduch's sentence violates the Eighth Amendment and he should, therefore, be resentenced.

## IV.     CONCLUSION

In light of the foregoing, Dr. Paduch requests that his sentence be reduced to one that is proportionate to the offenses in this case complies with the Eighth Amendment.

Respectfully,

Michael Baldassare

---

[2] Notably, the underlying New York statute that forms the basis of Dr. Paduch's offenses under 18 U.S.C. §§ 2422(a)-(b) – New York Penal Code Section 130.55 – is a Class B Misdemeanor punishable by up to a mere 90 days in jail.