

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

May 19, 2025

**BY ECF**

Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *United States v. Darius Paduch*, S2 23 Cr. 181 (RA)

Dear Judge Abrams:

    The Government writes in response to the defendant's May 7, 2025 motion to correct his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure (the "Motion"). This Court lacks jurisdiction to consider the Motion, which is meritless in any case.

**I.    Background**

    On May 8, 2024, a jury convicted the defendant of six counts of inducement to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(a) and (2) (Counts 1-5, and 7); and five counts of inducement of a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b) and 2 (Counts 8-10 and 12-13).

    On November 20, 2024, this Court sentenced the defendant to 240 months' imprisonment on Counts 1-5, and 7; on the remaining counts, the Court imposed terms of life imprisonment. Consistent with the Mandatory Victims Restitution Act, the Court postponed calculation of any restitution. *See* 18 U.S.C. § 3664(d)(5). On November 21, the judgment issued. (Dkt. 186).[1] The defendant timely filed a notice of appeal on November 25, 2024, and then successfully moved to hold the appeal in abeyance until this Court issued a final order of restitution. *See* 24-3116. On April 25, 2025, this Court issued an amended judgment, reflecting the same terms of incarceration and—on request of the parties (Dkt. 201)—imposing no restitution. (Dkt. 202).

    On May 7, 2025, the defendant filed the Motion. The following day, May 8, 2025, he filed a notice of appeal, which was transmitted to the Second Circuit. *See* 25-1208.

**II.    Discussion**

    This Court lacks jurisdiction to consider the Motion. Even assuming this Court had jurisdiction, the defendant's motion is not permitted by Rule 35.

---

[1] "Dkt." refers to the docket in this Court.

      The defendant's filing of a notice of appeal on May 8, 2025 plainly divested this Court of jurisdiction to consider the pending Motion.[2] "As a general matter, the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Rogers*, 101 F.3d 247, 251 (2d Cir. 1996); *see also Manrique v. United States,* 581 U.S. 116, 120 (2017) ("Filing a notice of appeal transfers adjudicatory authority from the district court to the court of appeals."); *United States v. Rolle*, No. 20-CR-594 (AJN), 2022 WL 605712, at *1 (S.D.N.Y. Mar. 1, 2022) (no jurisdiction to consider motion to reduce sentence where defendant's appeal of sentence was pending).

      Leaving aside the jurisdictional issue, the Motion is meritless. Rule 35 permits a court to correct an "arithmetical, technical, or other clear error" within *14 days* of sentencing. Fed. R. Cr. P. 35(a) (emphasis added). "Sentencing" is defined in that rule as "the oral announcement of the sentence." *Id.* Fed. R. Cr. P. 35(c). The court made no "arithmetical, technical, or other clear error" in sentencing the defendant to life imprisonment for heinous sex crimes against children. Nor is the Motion timely under Rule 35. The "oral pronouncement of the sentence" in this case occurred in November 2024. Far more than 14 days have elapsed since then.

      Respectfully submitted,

      JAY CLAYTON
      United States Attorney

by: _____
      Marguerite B. Colson
      Elizabeth A. Espinosa
      Ni Qian
      Jun Xiang
      Assistant United States Attorney
      (212) 637- 2587 | -2216 | -2364 | -2289

Cc: Michael Baldassare, Esq. (ECF)

---

[2] The Government does not address whether jurisdiction over this Motion was divested even earlier—*i.e.*, as of November 25, 2024, when the defendant filed a notice of appeal from the initial judgment imposing the sentence he now challenges in the Motion.