UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

DARIUS PADUCH,

Defendant.

---

No. 23-cr-181 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

On May 8, 2024, Darius Paduch was convicted of six counts of inducement to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2242(a) and 2, and five counts of inducement of a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2242(b) and 2. On November 20, 2024, the Court sentenced him to 240 months' imprisonment on the first six counts and a term of life imprisonment on the remaining five. *See* Dkt. No. 192 at 68. Judgment was entered on November 21, 2024, Dkt. No. 186, and an amended judgment was entered on April 25, 2025 to reflect the fact that, on consent, Paduch would not face any restitution obligations, Dkt. No. 202. He appealed the original judgment on November 25, 2024, Dkt. No. 190, and also appealed the amended judgment on May 8, 2025, Dkt. No. 205.

On May 7, 2025, Paduch filed a motion to correct his sentence under Federal Rule of Criminal Procedure 35, asserting that it violated the Eighth Amendment's prohibition on cruel and unusual punishment. Dkt. No. 203. The Government opposed on jurisdictional and merits grounds. Dkt. No. 207.

The motion is denied. First, the Court lacks jurisdiction to hear it. As the Second Circuit has held, a district court may correct a sentence under Rule 35 only within fourteen days of the "oral imposition of sentence." *United States v. Abreu-Cabrera*, 64 F.3d 67, 74 (2d Cir. 1995)

(addressing prior iteration of Rule 35 that had seven-day window); *see also* Fed. R. Crim. P. 35(c) ("As used in this rule, 'sentencing' means the oral announcement of the sentence."). This rule is "jurisdictional" in nature. *Abreu-Cabrera*, 64 F.3d at 73. Here, the Court issued its "oral pronouncement" of Paduch's sentence on November 20, 2024, which means it lost jurisdiction to entertain a Rule 35 motion on December 4, 2024. It does not matter that judgment was entered well after that, since the Rule 35 clock begins to run "on the date of oral pronouncement, rather than the date judgment is entered." *Id.*[1] If any error in a sentence is discovered after this deadline expires, the defendant may simply raise it on appeal, as Paduch is free to do here. *See id.* at 74.

Second, even if the Court did have jurisdiction, the motion would be denied on the merits. Rule 35 allows only for the correction of an "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). It "is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred," *Abreu-Cabrera*, 64 F.3d at 72 (internal quotation marks omitted), such as when the sentence "clearly violate[s]" a statute, *United States v. Walker*, 830 F. App'x 12, 17 (2d Cir. 2020) (affirming grant of Rule 35 motion when "original sentence clearly violated §§ 924(c)(1)(A)(i) and 924(c)(1)(C)(i)"). Rule 35 is not meant to allow the court to "reconsider the application or interpretation of the sentencing guidelines" or other "disputes" about them—including whether the sentence imposed was "unreasonable" or "cruel and unusual." *United States v. Rahkmatov*, 53 F.4th 258, 261 (2d Cir. 2022) (quoting *United States v. DeMartino*, 112 F.3d 75, 79 (2d Cir. 1997)).

Paduch's arguments to the contrary fail under Rule 35. He does not argue that his sentence ran afoul of any clear statutory or legal rule; indeed, he does not cite a single Second Circuit case

---

[1] The Government also argues that the filing of a notice of appeal divested the Court of jurisdiction to hear a Rule 35 motion. *See* Dkt. No. 207 at 2. Federal Rule of Appellate Procedure 4(b)(5), however, provides that "[t]he filing of a notice of appeal under this Rule 4(b) does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a)."

that so much as suggests his sentence is unlawful. He instead maintains that his sentence was cruel and unusual in violation of the Eighth Amendment—the very sort of argument the Second Circuit has already deemed beyond "the very narrow scope" of Rule 35. *See id.* (internal quotation marks omitted) (holding that Rule 35 did not permit defendant's statutory arguments that his prison term was "unreasonable, cruel and unusual, and greater than necessary to accomplish its purpose" (alterations omitted)).

The motion is thus denied. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 203.

SO ORDERED.

Dated:    August 18, 2025
         New York, New York

_____
Ronnie Abrams
United States District Judge